UNITED STATES v. SAMPSELL.
No. 12811.

United States Court of Appeals
Ninth Circuit.

Nov. 27, 1951.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, I. Henry Kutz and Carolyn Just, Sp. Assts. to the Atty. Gen., Ernest A. Tolin, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole, Sp. Atty., B. I. R., all of Los Angeles, Cal., for appellant.

C. E. H. McDonnell, Los Angeles, Cal., for appellee.

Before STEPHENS and HEALY, Circuit Judges, McCORMICK, District Judge.

HEALY, Circuit Judge.

This appeal involves a claim of the United States to priority for withholding taxes (income and social security) which had arisen in the course of a corporate bankrupt's operations, as debtor in possession, under an arrangement proceeding pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.[1]

The debtor's petition, filed April 6, 1948, had court approval, and in July following the referee made an order confirming the proposed plan. The order provided that the debtor remain in possession of the business and operate it, subject to supervision and control of the court, the latter retain-ing jurisdiction over the assets to make further orders as necessary. In December 1948 an order was entered terminating the proceedings under Chapter XI and adjudicating the debtor a bankrupt; whereupon appellee was appointed trustee and proceeded to liquidate the estate.

In its operations under the arrangement proceeding the debtor deducted withholding taxes from wages and salaries paid by it to its employees, but accounted to the Collector for none of the amounts deducted. In due course the Collector filed his claim therefor in the total sum of $1,757.82. The referee, after a hearing, denied the Collector's claim to priority over other claims in the Chapter XI proceeding, and on review the court upheld the ruling.

In his certificate on review the referee summarized the evidence thus: The bankrupt carried on its Chapter XI operations at a heavy loss. During the course of the same it did not acquire any new property. In its operations as debtor in possession it did not create a special fund for any of the amounts deducted as withholding taxes, nor did it at any time during the operations have the money necessary to create such a special fund. In sum, it simply deducted the taxes, but did not set apart the necessary funds to pay the same and could not have done so at any time during the said operations. No trust fund for the payment of these taxes was taken over by the trustee. The assets in the hands of the trustee are insufficient to pay in full the obligations incurred by the bankrupt in its Chapter XI operations.

It appears that the receipts of the estate upon liquidation by the trustee of its real and personal property amounted to at least $46,737, and that after the payment of a dividend of some $2,000 and a number of liquidation disbursements the trustee reported a cash balance of $17,742.95. Thus, assets greatly exceeding the amount of taxes due the United States have been in court custody continuously from the date

1. The statute invoked, § 3661 of the Internal Revenue Code, 26 U.S.C.A. § 3661, provides "Whenever any person is required to collect or withhold any internal-revenue tax from any other person and to pay such tax over to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States * * * *"

·of the petition in the arrangement proceeding. The government contends that sufficient of the assets to pay its claim in full are by the statute impressed with a trust in its favor. The view taken below was that since the amounts deducted as withholding taxes were not traced into the assets that came into the hands of the trustee the same are not chargeable with a trust to cover the taxes.

We assume that tracing would be necessary in instances where the trust obligation—the withholding—arose prior to bankruptcy. See In re Independent Automobile Forwarding Corp., 2 Cir., 118 F. 2d 537; Elmer Co. v. Kemp, 9 Cir., 67 F.2d 948. But here the trust obligation arose while the debtor in possession was carrying on operations under the direction and control of the bankruptcy court and as an officer of the court. There was no break in the continuity of the relationship when the debtor was displaced by the bankruptcy trustee, for the order of adjudication related back and the original petition for an arrangement became the vital date. Bankruptcy Act, § 302, 11 U.S.C.A. § 702.

In a situation indistinguishable from the present, City of New York v. Rassner, 127 F.2d 703, the Second Circuit held that the rule in respect of tracing, applicable where mingling takes place prior to bankruptcy, does not apply where the trust relationship arises subsequent to bankruptcy. There it was decided on equitable principles that city sales taxes collected by a debtor while administering business under court order in a debtor proceeding were entitled to treatment as trust funds after adjudication, notwithstanding the money collected was not kept separate and could not be traced into the hands of the bankruptcy trustee. It was thought that the latter, so far as outsiders are concerned, is obliged to proceed subject to any claims available against the debtor in possession.

No analogous cases holding the contrary have been cited. We are of opinion that the reasoning of the Rassner decision is just and are content to follow it.

The order of the district court is reversed.