## HERCULES SERVICE PARTS CORP.
## v. UNITED STATES.
### No. 11655.

United States Court of Appeals
Sixth Circuit.
April 2, 1953.

Kenney, Radom & Rockwell, William S. Munger, Detroit, Mich., for appellant.

Alonzo Watson, Washington, D. C. (Charles S. Lyon, Ellis N. Slack, A. F. Prescott, Joseph F. Goetten, Washington, D. C., Philip A. Hart, Roger P. O'Connor, Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

The appellant trustee in bankruptcy appeals from an order granting payment, prior to the disbursement of any funds by the trustee in bankruptcy, of $4,746.15 to the United States as a trust fund. This amount represents employees' income and social security taxes which the debtor had withheld from employees' wages during reorganization proceedings. The debtor had been authorized to conduct the business during reorganization as debtor in possession, subject to the orders of the court. The order approving the petition for reorganization was entered March 22, 1948, and provided that the debtor should exer-cise all the powers of a trustee appointed pursuant to Section 44 of the Bankruptcy Act, 11 U.S.C.A. § 72. A plan for reorganization was approved November 3, 1948. On July 18, 1950, the debtor being unable to consummate the plan, it was adjudicated a bankrupt. November 21, 1950, the bankrupt's assets were sold by the referee in bankruptcy at public auction for the sum of $36,000 and the balance on hand after disbursements made by the trustee in bankruptcy amounts to $20,224.46. The trustee concedes that the amount of $4,746.15 was not segregated, and was turned into the general funds of debtor. It is stipulated that this amount included sums withheld for social security taxes for the periods ended June 30, 1948, and March 31, 1949, and for income taxes for the periods ended December 31, 1948, March 31, 1949, June 30, 1949, September 30, 1949, and December 31, 1949. Assessment, notice of assessment and demand were duly made by the Commissioner but none of the taxes have been paid. The applicable sections of the statute are, 1401, 1622 and 3661 of the Internal Revenue Code, 26 U.S.C.A. §§ 1401, 1622, 3661, the pertinent portions of which read as follows:

"§ 1401. Deduction of tax from wages

"(a) Requirement. The tax imposed by section 1400 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid.

\* \* \* \* \* \*

"§ 1622. Income tax collected at source

"(a) Requirement of withholding. Every employer making payment of wages shall deduct and withhold upon such wages a tax equal to 15 per centum of the amount by which the wages exceed the number of withholding exemptions claimed multiplied by the amount of one such exemption as shown in subsection (b) (1)."

"§ 3661. Enforcement of liability for taxes collected

"Whenever any person is required to collect or withhold any internal-rev-

enue tax from any other person and to pay such tax over to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose."

It is not shown that any investments for capital improvements were made out of the amounts withheld. The judgment of the District Court gave priority to the claim of the United States over all expenses of administration. Appellant contends that the holding

(1) Is erroneous because, in absence of any identification of the specific trust fund or tracing of the trust res into the assets of the bankrupt, a trust could not be impressed upon the debtor's estate in favor of the United States;

(2) In effect nullifies Section 64, sub. a of the Bankruptcy Act, 11 U.S.C. § 104, sub. a, 11 U.S.C.A. § 104, sub. a.

█ It is the general rule that a trust cannot be impressed for the benefit of the *cestui que trust* unless the trust property is identified or the corpus of the trust is traced into some specific fund or thing into which the original trust property has passed in some form. The Congress in Section 3661, when it provided in effect that any person required to collect or withhold any internal revenue taxes is a trustee for the amount of such taxes, did not dispense with this test for the recovery of diverted trust funds. Here the specific funds are not identified and no evidence exists that the assets of the debtor were augmented by the payments. Appellant urges that the Government, like any other beneficiary, may not establish a lien spread over the estate of the debtor in absence of tracing. In re Frank, D.C., 25 F.Supp. 1005.

However, this is not a case in which the diversion took place prior to reorganization proceedings. In such case the tracing of the trust funds would still be necessary in order to justify giving priority to the bene-

ficiary of the trust. City of New York v. Rassner, 2 Cir., 127 F.2d 703; Elmer Co., Ltd. v. Kemp, 9 Cir., 67 F.2d 948. The specific ground for the District Court's judgment was that no tracing of trust property is required since the bankruptcy court as a court of equity has merely directed its officers in administering an estate continually in the court's custody and control since reorganization proceedings were filed to comply with equitable obligations imposed by the law during such administration.

The District Court relied particularly upon the case of City of New York v. Rassner, supra, in which the Second Circuit held that a similar claim of the City of New York had priority ahead of expenses of administration in arrangement proceedings under Chapter 11 of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The court held that it was the duty of the bankruptcy court to act equitably in distributing an estate and that the protection of the beneficiary of a trust whose funds have been appropriated while the debtor in possession is under the control of the court is a proper function of the bankruptcy court. United States v. Sampsell, 9 Cir., 193 F.2d 154 is even closer on the facts to the instant case. It involved, as here, employees' income and social security taxes. The debtor in possession during arrangement proceedings prior to bankruptcy had failed to segregate the taxes and had diverted them. There was no evidence that the estate had been augmented. The court on the authority of the City of New York v. Rassner, supra, gave the Government priority over all claims of administration.

█ We think that the judgment of the District Court was correct. The debtor in possession while operating the business acted as an officer under the authority and control of the court and neglected to fulfill the obligation imposed by statute. Under Section 3661 the amount collected or withheld was made a special fund in trust for the United States. Since the funds were diverted by an officer acting under the authority and control of the court the obligation of tracing the trust corpus does not exist.

■ As stated in the Rassner case, supra [127 F.2d 706]:

"If we hold that the city must now trace the funds, we state in effect that any beneficiary of a trust which is handled by an officer of a bankruptcy court must always protect himself by petitioning in advance for proper administration of the trust. Thus stated, it can be seen that we would be condoning improper action by a trustee so long as he could successfully get away with it. As a court of equity, a bankruptcy court can hardly proceed on this assumption. It is the duty of the bankruptcy court in distributing an estate to do so equitably."

While the assets of the estate have not been increased by the funds withheld, if restitution is made the creditors will receive no less than that to which they were originally entitled and that which they would have received if the officer of the law had performed his obligation. In line with this holding, the doctrine of tracing does not apply to trust funds diverted by a receiver of an insolvent bankrupt appointed by the court. Standard Oil Company v. Hawkins, 7 Cir., 74 F. 395; Hood v. Hardesty, 4 Cir., 94 F.2d 26; In re Kenney & Greenwood, Inc., D.C., 23 F.2d 681; Shipe v. Consumers' Service Company, D. C., 28 F.2d 53.

■ We agree with the Second Circuit in the Rassner case, supra, that the allowing of a priority to the Government here does not violate the "generalities" of Section 64 of the Bankruptcy Act.

■ Moreover, the contention that the debtor in possession was no longer under the custody and control of the bankruptcy court after the order of confirmation and that as to funds withheld after February 28, 1949, tracing was necessary, ignores the statutory authority of the court after confirmation. Section 224 of Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 624, requires the debtor, after confirmation, to comply with all orders of the court relative to the plan. Under Section 188, 11 U.S.C.A. § 588, the debtor in possession has all the title and is vested with all the rights, being subject to all the duties and exercising all the powers of a trustee under Chapter 10 "subject, however, at all times to the control of the judge and to such limitations, restrictions, terms, and conditions as the judge may from time to time prescribe." In this case the order of confirmation expressly reserved to the court "the full right and jurisdiction to make at any time and from time to time such orders in aid of the consummation of the said Plan as the Court shall deem proper." It would seem to be an entirely proper function of the court in retaining jurisdiction in aid of the confirmation of the plan to require that the plan be executed according to express statutory law. We think the execution of this plan according to law requires the enforcement of Section 3661, Internal Revenue Code, by segregation of the withholding taxes deducted from employees' wages and payment of such taxes to the United States. From this viewpoint cases such as Clinton Trust Company v. John H. Elliott Leather Company, 2 Cir., 132 F.2d 299, 303, which deal with the right of a debtor after confirmation to perform the ordinary duties of managing the business, are not in point here. Moreover, when the adjudication in bankruptcy followed the reorganization proceedings, due to the failure of the debtor to consummate the plan, 11 U.S.C. § 638(1), 11 U.S.C.A. § 638(1), required that the proceeding be conducted, so far as possible, in the same manner and with like effect as if an involuntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time when the petition for reorganization was approved. During the entire period there was no suspension in the continuity of relationship between the court and the estate. The debtor in possession, a court officer, failed to fulfill its statutory obligations. The bankruptcy court as a court of equity, Pepper v. Litton, 308 U.S. 295, 303, 304, 60 S.Ct. 238, 84 L. Ed. 281, is required to see to it that its succeeding officer, the trustee in bankruptcy, complies with the statute. Equity regards as done that which ought to be done. Since the court officer failed to segregate the taxes withheld, the court now rightfully

directs the performance of that obligation and the distribution of the amount of the trust funds to the beneficiary.

The judgment of the District Court is affirmed.