In the Matter of AIRLINE-ARISTA
PRINTING CORP., Bankrupt.
No. 90299.

United States District Court
S. D. New York.

Nov. 13, 1957.

Ridgway, Ridgway & Slote, New York City, for trustee in bankruptcy. John G. Crowe, New York City, of counsel.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, for District Director of Internal Revenue for Lower Manhattan. Foster Bam, Asst. U. S. Atty., New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is a petition to review an order of the referee in bankruptcy which granted priority to the costs and expenses of administration incurred in the present bankruptcy proceeding over the claim of the District Director of Internal Revenue for the Lower Manhattan District for income and social security taxes withheld by the debtor in possession in a superseded proceeding for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

The facts may be briefly summarized as follows:

On May 26, 1954 Airline-Arista Printing Corp., the bankrupt, filed a petition for arrangement in this district under Chapter XI. The debtor was continued in possession and transacted business, pursuant to court order, until September 17, 1954 when it was adjudicated a bankrupt. During this period the debtor in possession withheld Federal income and social security taxes from the wages paid to its employees in the amount of $294.41. The amounts so withheld were not segregated by the debtor in possession and no special fund to cover them was established, although on June 1, 1954 the referee had entered an order directing the debtor in possession to separate these funds and hold them in a separate bank account. At all times the debtor in possession had assets of a value greater than the amount of the taxes which it had withheld and these assets came into the hands of the trustee. However, when bankruptcy ensued there remained only $34.83 on deposit in the debtor's general checking account.

Upon adjudication a trustee was appointed who took possession of the assets and proceeded to administer and liquidate the estate. The District Director duly filed a claim in the amount of $294.41 for the taxes withheld by the debtor in possession, claiming that such taxes constituted a trust fund for the United States under Sections 7501, 3102(a) and 3402(a) of the Internal Revenue Code, 26 U.S.C., which should be turned over to the Government. The trustee's final report showed that he had on hand the sum of $554.44. The unpaid expenses incurred in administration and liquidation after bankruptcy, including compensa-

tion to the trustee, his attorneys, the appraiser, the official stenographer and the clerk's fees for the referee's salary and expense funds exceeded the sum in the trustee's hands.

The trustee moved before the referee for an order directing that the costs and expenses of administration incurred in the bankruptcy proceeding be paid in advance of the unpaid costs and expenses of administration in the superseded Chapter XI proceeding. The District Director answered asserting that the withheld taxes constituted a trust *res* in favor of the United States, that the assets in the hands of the trustee were impressed with trust in the amount withheld, and that his claim should be paid in full prior to the costs and expenses of bankruptcy administration.

The learned referee held that the taxes withheld by the debtor were unpaid costs and expenses of the arrangement proceeding and nothing more, and that therefore the costs and expenses of bankruptcy administration should be paid in advance of the claim of the Director for such taxes, pursuant to the 1952 amendment to Section 64, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(1), granting priority to costs and expenses of an ensuing bankruptcy proceeding over costs and expenses of a superseded arrangement proceeding.

This appears to be the first time that the question of the effect of the 1952 amendment upon the Government's right to priority payment of federal taxes withheld by a debtor in possession in a superseded arrangement proceeding over administration expenses in an ensuing bankruptcy proceeding has been before this court. While the amounts involved here are small the question is of some importance in the administration of bankrupt estates.

█ Prior to the 1952 amendment of Section 64, sub. a(1) it was the rule that taxes withheld by a debtor in possession in a superseded arrangement or reorganization proceeding constituted a trust *res*

in favor of the taxing authority even though the money collected was not kept in a separate fund and could not be traced. Assets coming into the hands of the trustee were held to be impressed with a trust in favor of the Government in the amount of the withheld taxes which were given priority of payment over all administration expenses and other claims enumerated in Section 64, sub. a(1). City of New York v. Rassner, 2 Cir., 127 F.2d 703; Hercules Service Parts Corp. v. United States, 6 Cir., 202 F.2d 938; United States v. Sampsell, 9 Cir., 193 F.2d 154.

In the Rassner case the Court of Appeals for this Circuit held that the City of New York was entitled to restitution of City sales taxes collected by a debtor in possession in a superseded Chapter XI proceeding from any funds of the estate in the trustee's hands ahead even of expenses of administration, though such taxes were not segregated and were not traceable. This was because the vendor-debtor in possession was made a trustee of sales taxes collected under the City sales tax law [1] and the City was the beneficiary of such trust. Circuit Judge Clark, writing for the Court, said (127 F.2d at page 705):

" * * * When the petition was filed and the debtor continued operation, it acted as an officer of the bankruptcy court. Bankruptcy Act, §§ 342, 343, 11 U.S.C.A. §§ 742, 743. It was subject 'at all times to the control of the court.' § 342. And in operating the business it had to have 'authorization by and subject to the control of the court.' When the debtor was displaced by the bankruptcy trustee, there was no break in the continuity in relationship, for the order of adjudication related back and the original petition for an arrangement became the vital date. Bankruptcy Act, § 302, 11 U.S.C.A. § 702; cf. Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658, 660. The trustee in bankruptcy, so far as outsiders

1. Administrative Code, § N41-2.0, subd. e, as amended by Local Laws 1940, p. 354.

are concerned, must proceed subject to any claims available against the debtor in possession."

He went on to say that a tracing of the funds withheld should not be required since it was the duty of the Bankruptcy Court in distributing an estate to do so equitably, and, as "a proper part of equitable administration," the court must protect a beneficiary of a trust whose funds have been misappropriated by its officer to the benefit of the estate.

United States v. Sampsell, supra, applied the same rule to social security and income taxes withheld by the debtor in possession in a superseded Chapter XI proceeding. Hercules Service Parts Corp. v. United States, supra, made the same holding with respect to income and social security taxes withheld by a debtor in possession in a superseded Chapter X proceeding. These cases followed the reasoning of the Rassner case.

The referee was of the view that these cases are no longer the law since Section 64, sub. a(1) was amended in 1952 by adding the following proviso:

"Provided, however, That where an order is entered in a proceeding under any chapter of this Act directing that bankruptcy be proceeded with, the costs and expenses of administration incurred in the ensuing bankruptcy proceeding shall have priority in advance of payment of the unpaid costs and expenses of administration, including the allowances provided for in such chapter, incurred in the superseded proceeding and in the suspended bankruptcy proceeding, if any; * * *."

He reasoned that the taxes withheld by the bankrupt were costs and expenses of the arrangement proceeding whether actually paid by the debtor in possession or only incurred, and that by the 1952 amendment the overriding policy of the Bankruptcy Act had been changed so as to subordinate all costs and expenses whether or not they were denominated by statute as funds in trust for the benefit of a governmental agency to the expenses in the ensuing bankruptcy proceeding.

In the Rassner case the court recognized that "Of course, an overriding policy of the Bankruptcy Act could prevent preferred satisfaction of even trust claims." The question here is whether the 1952 amendment either by express language subordinated such a claim as this to bankruptcy administration expenses, or enunciated such an "overriding policy". I do not believe it did either.

There is nothing in the language of the 1952 amendment which expressly changes the rule laid down in the Rassner, Hercules Service and Sampsell cases. The amendment deals with the respective priorities between costs and expenses of administration incurred in ensuing bankruptcy and in proceedings superseded thereby. It does not attempt to negative any priority granted by statute or decision to a trust res in the coming into the hands of a debtor in possession in a superseded proceeding.

It may be, as the referee reasoned, that the taxes withheld by the debtor are costs and expenses "incurred" in the prior proceeding since the estate is liable to pay them under Sections 3402(a) and 3102(a) of the Internal Revenue Code, just as it is liable to pay other taxes incurred in operating the proceeding which were not withheld. But this is not to say that the Government is to be denied its status as a beneficiary of the trust for taxes withheld or collected from others, created by Section 7501 of the Internal Revenue Code, providing that:

"Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States."

The Rassner case held that such a trust created by statute would be recognized under the circumstances present here and that the assets coming into possession of the trustee were impressed with such a trust in favor of the taxing

authority for taxes withheld by the debtor in possession to be satisfied before any expenses of administration. Thus, while the taxes withheld may incidentally be an incurred cost and expense of administration, once they were withheld by the debtor, to the benefit of the estate, they became more than that. A trust came into being in favor of the Government which the Bankruptcy Court would recognize without the necessity for segregation of funds or tracing to a specific *res*.

Under the reasoning of Rassner such a trust was created here and is entitled to be paid from the assets coming into the trustee's hands ahead of any costs and expenses of administration either of the ensuing bankruptcy or of the superseded arrangement proceeding. Such restitution must be made regardless of whatever priorities are granted by statute as between the two classes of administration costs. The 1952 amendment does not change the Rassner rule.

 The 1952 amendment was passed to change the theretofore existing rule that where a bankruptcy follows a debtor relief proceeding which has failed, and the fund for distribution after liquidation in the ensuing bankruptcy is not sufficient to pay the administration costs and expenses of both proceedings, both sets of costs and expenses share pro rata and on a parity in the assets on hand. This was the result of the decisions in In re Columbia Ribbon Co., 3 Cir., 117 F.2d 999, and United States v. Killoren, 8 Cir., 119 F.2d 364. In commenting on the proposed change in Section 64, sub. a(1), Senate Report No. 1395 on S. 2234, 82d Cong., 2d Sess., (1952) 4, after referring to the then existing rule as laid down in the Columbia Ribbon and Killoren cases, stated:

"These decisions, while carrying out the language of the act, have in actual practice created a situation which threatens the effective liquidation and administration of the estate in the ensuing bankruptcy proceeding. Unless provision is made for payment of the costs and expenses necessary to liquidate, administer and close the estate in the ensuing bankruptcy proceeding, ahead of all prior incurred and unpaid administration costs and expenses, there is always danger of a breakdown of administration. There should be assurance to the trustee in the ensuing proceeding that the costs and expenses incurred by him, such as bond and insurance premiums, costs of conducting a public sale and compensation for his services and for the services of his attorney, will be paid out of the assets liquidated and administered by him ahead of the prior unpaid costs and expenses."

It should be noted that the Senate Report makes no reference to Rassner and the cases which follow it, nor to the treatment given to withheld taxes under those cases.

Moreover, when the Rassner, Hercules Service and Sampsell cases were decided the rule in the Columbia Ribbon and Killoren cases, giving parity on a pro rata basis to administration costs and expenses of both the ensuing bankruptcy and superseded proceedings, was in effect. If the withheld taxes by the debtor in possession had been merely a cost and expense of administration and nothing more, the court in the Rassner case would logically have been compelled to hold that the City was not entitled to payment in advance of all expenses of administration but merely that it should have shared pro rata and on a parity with the expenses in the ensuing bankruptcy proceeding along with the other administration costs and expenses in the superseded arrangement proceeding. But the Rassner case did not so hold. It held, on the contrary, that the claim for withheld taxes should be paid in advance of all administration expenses of both classes, because the assets in coming into the hands of the trustee had been impressed with a trust in favor of the governmental agency for whom the debtor had collected the taxes.

 Thus the case at bar is governed by principles laid down in Rassner which

were not affected by the 1952 amendment to Section 64, sub. a(1). I therefore hold that the assets coming into the hands of the trustee were impressed with a trust in favor of the Government in the amount of the Director's claim for $294.41, for taxes withheld by the debtor in possession, even though they were not placed in a special fund or traced. The estate must necessarily have benefitted and the assets coming into the trustee's hands have been increased to the extent of the funds withheld by the failure of the debtor to pay these funds over to the beneficiary. The Bankruptcy Court must protect the beneficiary against misappropriation by its officer in the course of administration of the arrangement proceeding.

The Director's claim is entitled to payment out of the assets in advance of the costs and expenses of administration of the bankruptcy proceeding.

The order under review is therefore reversed and the matter is recommitted to the referee for further proceedings not inconsistent with this opinion.

Settle order.