Matter of **AIRLINE–ARISTA PRINTING CORP., Bankrupt.**

No. 260, Docket 25012.

United States Court of Appeals Second Circuit.

Argued May 11, 1959.

Decided June 1, 1959.

Ridgway, Ridgway, & Slote, New York City, John G. Crowe, New York City, of counsel, for appellant.

Arthur H. Christy, U. S. Atty., New York City, William F. Suglia and Arthur V. Savage, Asst. U. S. Attys., New York City, of counsel, for appellee.

Before SWAN, HINCKS, and MOORE, Circuit Judges.

PER CURIAM.

On May 26, 1954 Airline-Arista Printing Corp. filed a petition for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The debtor was continued in possession and transacted business until September 17, 1954 when it was adjudicated bankrupt. While the debtor continued in possession, it withheld $291.41 for taxes withheld from wages of employees but did not segregate the sums so withheld, although ordered to do so by the referee in bankruptcy. The trustee's final report shows assets of only $544.44. Of this amount the United States claims $291.41 under § 3661 of the 1939 Internal Revenue Code, 26 U.S.C.A. § 3661, now § 7501 of the Code of 1954, 26 U.S.C.A. § 7501. Under this court's decision in City of New York v. Rassner, 127 F.2d 703, the Government is entitled to prevail. The trustee argued and the referee in bankruptcy agreed, that the 1952 amendment to § 64, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(1), made the Rassner case inapplicable. Judge Bryan wrote a very lucid opinion, 156 F.Supp. 403, which overruled the referee. We agree. The order is affirmed on the opinion below.