**In the Matter of CLINT-SHAY CATERERS, INC., Bankrupt.**

United States District Court
S. D. New York.
March 27, 1961.

Kronish & Lies, New York City, for trustee.

Morton S. Robson, U. S. Atty. for Southern Dist. of New York, New York City, for U. S., Julius Rolnitzky, Sp. Asst. U. S. Atty., New York City, of counsel.

SUGARMAN, District Judge.

On November 3, 1960, the trustee of Clint-Shay Caterers, Inc., Bankrupt, moved before the referee for an order approving a stipulation dated August 12, 1960 between the attorneys for the trustee and the United States Attorney for this district.

The petition in support of the motion showed that the bankrupt was adjudicated as such on July 28, 1960, after the failure of an arrangement proceeding filed on March 23, 1960. During the pendency of the Chapter XI proceeding, the bankrupt, then debtor in possession, operated its business and withheld from the salaries of its employees approximately $10,000 for withholding taxes and Federal Insurance Contribution Act, 26 U.S. C.A. § 1400 et seq., taxes but the monies so withheld were not segregated from its other funds and assets.

At the time of the hearing of the motion before the referee, the trustee had ascertained that there were not nearly enough liquid assets on hand to satisfy the debt due to the government for these taxes.

There were, however, certain claims of the bankrupt which might be reduced to cash if the trustee successfully litigated the same.

However, in the event that the trustee could not realize for the estate an amount in excess of the government's tax claim, none of his efforts would be compensable because, as Judge Bryan held in In re Airline-Arista Printing Corp.,[1] a trust in favor of the government resulted from the collection and nonpayment of taxes as aforesaid, and this trust attached to and is to be paid from assets coming into the trustee's hands ahead of any costs and expenses of administration

either of the ensuing bankruptcy or of the superseded arrangement proceeding.

Therefore, upon determining that there might not be assets available to satisfy in full the government's tax claim, the trustee informed the District Director of Internal Revenue that unless he, the trustee, were assured that he would receive reasonable compensation for creating the trust fund for the sole benefit of the United States, he would decline to act.

Accordingly, the District Director of Internal Revenue "authorized" the United States Attorney for the Southern District of New York to stipulate in substance that the attorneys for the trustee receive reasonable compensation for such services.

Such a stipulation was entered into between the United States Attorney and trustee's attorneys and presented to the referee for approval on motion of the trustee. The referee refused to approve the stipulation, and his order denying the motion is before the court on the trustee's petition to review in which the United States Attorney joins.

The stipulation to accept, to the extent of the trustee's and his attorneys' reasonable compensation, less than the total funds coming in the trustee's hands up to the limit of the tax claim, is a compromise of the tax claim.

Congress gave the power to so compromise (1) before reference of the claim to the Department of Justice to the Secretary of the Treasury or his delegate, and (2) after reference of the claim to the Department of Justice to the Attorney General or his delegate.[2]

It has not been suggested that such reference of the tax claim was not made as is usual by transmittal of "Form 166A" to the United States Attorney by the Treasury Department simultaneously with the filing of the government's proof of claim by the latter.

In the absence of any question as to the authority of the United States

1. D.C., 156 F.Supp. 403, 407, affirmed 2 Cir., 1957, 267 F.2d 333.

2. 26 U.S.C. § 7122.

Attorney, the court on this review will presume regularity attending the acts of a public officer.[3]

By entering into the instant stipulation the Attorney General by the United States Attorney agreed to a compromise of the tax claim as he had full power to do.[4]

Accordingly, the referee's order of December 19, 1960 denying the trustee's motion for the reasons ascribed in the referee's decision of November 30, 1960 and supplemental opinion of February 21, 1961 is reversed.

In view of the Attorney General's power to enter into the stipulation, no opinion is expressed as to whether an order approving it is necessary at all.

3. Cf. United States v. Wyman, D.C., 125 F.Supp. 276, 282.

