In the Matter of **ALLIED ELECTRIC PRODUCTS, INC., Bankrupt.**

**No. B–118–55.**

United States District Court
D. New Jersey.

May 12, 1961.

Chester A. Weidenburner, U. S. Atty., by Barbara A. Morris, Asst. U. S. Atty., Newark, N. J., for the United States.

A. Robert Rothbard, Newark, N. J., for Trustee.

Herman D. Ringle, Trenton, N. J., for State of New Jersey.

WILLIAM F. SMITH, Chief Judge.

This matter is before the Court on petitions for review, filed herein by the United States and the State of New Jersey, pursuant to Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. The matter was heretofore before Judge Morrill of this Court, now deceased, on a petition for review filed by the Bankrupt. The principal question here raised was decided by Judge Morrill. It is our opinion, however, that the present petitioners are entitled to a reconsideration of this question, and it is necessary, therefore, to review the proceedings in their entirety. It should be observed that we are handicapped by a somewhat inadequate record, resulting from a casual presentation in the hearings before the Referee in Bankruptcy.

### Facts

A corporate reorganization proceeding was initiated by the Bankrupt on February 28, 1955, pursuant to Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501, and particularly Section 128 thereof, 11 U.S.C.A. § 528. The petition for reorganization was filed on February 28, 1955, and at that time there was on deposit in the "general account" and the "tax account" of the Debtor the sums of $55,834.85 and $127.53, respectively. When the attempt to effect a plan of reorganization failed, the Debtor was adjudged bankrupt; the order of adjudication was entered on August 17, 1955. The date of adjudication related back to the date when the petition for reorganization was filed and was effective as of that date. Section 238(1) of the Bankruptcy Act, 11 U.S.C.A. § 638(1).

The business of the Debtor was operated by a duly appointed trustee during the period of the attempted reorganization. It would appear from the record that during this period the funds on deposit in the general account of the Debtor were used to finance the operations and to meet current expenses. The funds on deposit in the general account were partially depleted in the operation of the business, and as of April 30, 1955, there remained on deposit a balance of $15,309.42. Whether or not the balance was further depleted prior to the order of adjudication does not appear.

At the time the corporate reorganization was initiated the assets of the Debtor were subject to tax liens in the total amount of $145,514.31. These liens included, in addition to other taxes, the assessments for the unpaid withholding taxes which the Debtor, as an employer, was required to deduct from the wages of the employees, pursuant to Sections 3102 (a) and 3402 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 3102(a) and 3402. (See also their earlier counterparts: Sections 1401(a) and 1622 of the Internal Revenue Code of 1939, 26 U.S. C.A.) The assessments for the third and fourth calendar quarters of 1954 were in the amount of $57,085.70 and $74,246.67, respectively.

When the petition for reorganization was filed, unpaid withholding taxes in the amount of $36,357.10 for January and February, 1955, had accrued but were not yet due and had not been assessed. Withholding taxes are reportable and payable at the end of each calendar quarter. Federal Tax Regulations §

601.401. A demand for the payment of these taxes was incorporated in an amended proof of claim timely filed. An examination of the amended proof of claim discloses that a lien for these taxes effective May 15, 1955, was asserted. It should be emphasized, however, that the United States asserted no right to an equitable lien on the bank accounts of the Debtor.

There was due the State of New Jersey the sum of $6,223.60, representing the total amount of employees' contributions which the Debtor was required to deduct from wages pursuant to the provisions of the Unemployment Compensation Law, and particularly R.S. 43:21–7(d), 43 N.J. S.A. 43:21–7(d). Whether or not the deductions were in fact made, we do not know. These contributions, periodically reportable and payable by the Debtor, as the employer, under the provisions of R.S. 43:21–14, 43 N.J.S.A. 43:21–14, were made the subject of a proof of claim in which a right to priority of payment was asserted.

While the bankruptcy proceedings were pending, the trustee in bankruptcy paid the sum of $100,000 to the Director of Internal Revenue "on account of taxes," pursuant to an order of the Referee in Bankruptcy entered on September 10, 1958. This payment exceeded by approximately $85,000 the balance remaining in the "general account" of the Debtor as of April 30, 1955. It therefore seems rather obvious that the sum of $85,000 was realized from the collection or upon the sale of assets remaining in the Bankrupt's estate.

### Proceedings

The matter came before the Referee in Bankruptcy on a petition filed on behalf of the Bankrupt on July 22, 1958. The said petitioner, apparently relying on Section 7501(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. 7501(a), alleged that the funds in the general account of the Debtor as of February 28, 1955, constituted trust funds. It petitioned the Referee in Bankruptcy to direct "that any proposed partial payment to be made * * * to the Director of Internal Revenue, * * * be allocated to payment of the first quarter 1955, withholding and social security taxes, in the sum of $36,357.10, and the third and fourth quarters of 1954." The petition was dismissed on the ground that the Bankrupt was not the real party in interest, and on a further ground hereinafter discussed.

Notwithstanding his determination that the Bankrupt was not the real party in interest, the Referee considered the issue raised by the allegation that the funds in the general account of the Debtor constituted trust funds. He held that the provisions of Section 7501 of the Internal Revenue Code, supra, did not "automatically create a trust in favor of the Federal Government or *give it a general lien on any funds* of a debtor or bankrupt." (Emphasis by this Court). We agree with this conclusion for reasons hereinafter stated.

The matter came before Judge Morrill on a petition for review filed by the Bankrupt, and a certificate of review prepared and filed by the Referee in Bankruptcy. The petition for review was dismissed on the ground that the Bankrupt was "not an aggrieved person under § 39(c) of the Bankruptcy Act, and is, therefore, not entitled to * * * review." (Order of February 24, 1959). It appears from the said order and the opinion of Judge Morrill, delivered from the bench, that he, like the Referee in Bankruptcy, gave consideration to the issue raised by the allegation that the funds constituted trust funds.

The dismissal of the petition for review was predicated upon a further ground, to wit, "that as of 28 February 1955, the date of the filing of the reorganization petition by the bankrupt, the United States had an equitable lien on the general bank account of the debtor in the amount of $55,834.85, and of the tax account of the debtor in the amount of $127.53." (Order of February 24, 1959). The order directed "that any funds heretofore paid * * * to the Director of Internal Revenue be first credited to the

discharge of said equitable lien." The matter again came before Judge Morrill on a petition for clarification filed by the Trustee. The latter petition was dismissed.

When the matter again came before the Referee in Bankruptcy he held that the statutory tax liens, in the amount of $145,514.31, for the third and fourth calendar quarters of 1954, entitled the United States to priority of payment. This determination is not challenged by either of the petitioners. He held further that the "equitable lien" survived only as to the withholding taxes for the first two months of 1955, and, in compliance with the order entered by Judge Morrill, ordered that the amount of $36,-357.10 of the monies paid to the Director of Internal Revenue be applied first to the payment in full of the said taxes. He ordered that the balance, in the amount of $63,642.90, be applied as part payment of the statutory tax liens.

The petitions for review now before this Court challenge as erroneous: first, the determination that the United States had an equitable lien on the bank accounts of the Debtor as to the withholding taxes for the first two months of 1955; and second, the allocation of $36,-357.10 to the payment of these taxes in the discharge of the lien. The argument is adopted by the State of New Jersey, but only as to the said taxes due the United States.

### Discussion

■ We are met at the outset by the argument made on behalf of the Trustee that the decision of Judge Morrill became the law of the case and, in the absence of an appeal, precludes further consideration of the questions. This argument is without merit. Helms Bakeries v. Commissioner of Internal Revenue, 9 Cir., 263 F.2d 642; White v. Higgins, 1 Cir., 116 F.2d 312, 317, and the cases therein cited. See also, Lebold v. Inland Steel Co., 7 Cir., 136 F.2d 876; Reynolds Spring Co. v. L. A. Young Industries, 6 Cir., 101 F.2d 257, 259. We entertain no doubt that if this matter were again before Judge Morrill he would have a right to reconsider his earlier decision and to overrule it upon a determination that it was erroneous. Ibid. This Court, having taken jurisdiction of the matter, stands in the same position.

■ The applicable rule is succinctly stated in the case of White v. Higgins, supra [116 F.2d 317], as follows: "The doctrine of 'law of the case' is not an inexorable command. It 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.' Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152; * * *. Though the power exists to reopen the points of law already decided, it is a power which will necessarily be exercised sparingly, and only in a clear instance of previous error, to prevent a manifest injustice."

■ This is a case in which the authority of the Court to review its earlier decision should be exercised. We are of the opinion, after a review of the entire proceedings and a careful study of the law, that the decision of Judge Morrill was erroneous and led to the improper allocation of the monies paid to the Director of Internal Revenue. It is clear from the record that the United States asserted no right to an equitable lien. It became an unwilling beneficiary of an equitable lien on the bank accounts of the Debtor to which it clearly had no right.

Section 3102(a), Title 26 U.S.C.A. § 3102(a), requires the employer to deduct and withhold from the wages of each employee the amount of the tax imposed by Section 3101, 26 U.S.C.A. § 3101, the proportionate contribution of the employee to the social security and unemployment insurance funds. Section 3402 of the Internal Revenue Code, supra, Title 26 U.S.C.A. § 3402, provides for the collection of income taxes at the source by requiring every employer to deduct and withhold a percentage of wages paid to each employee. The amounts deducted and withheld from the wages of the employee are reportable and payable by the

employer and may be assessed against him in the same manner as other taxes.

It was apparently the opinion of Judge Morrill, and it is here argued on behalf of the Trustee, that the United States was entitled to an equitable lien on the bank accounts of the Debtor because of the provisions of Section 7501 of the Internal Revenue Code, supra, 26 U.S.C.A. § 7501, which read as follows:

"Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose."

We cannot agree with either the opinion of Judge Morrill or the argument advanced on behalf of the Trustee.

The provisions of Section 7501, supra, the counterpart of which first appeared in the Internal Revenue Act of 1934, are applicable to an employer obligated by Sections 3102(a) and 3402, supra. The taxes deducted and withheld from the wages of the employees pursuant to the said sections are "held to be a special fund in trust for the United States." Section 7501, supra. The intent of the statute was to afford the United States a maximum of assistance in the collection of withholding taxes. The provision did not specifically require the segregation of the sums withheld from the wages of employees but clearly contemplated such segregation in accord with sound accounting practice.

The provision, properly construed, established the status of the United States as the beneficiary of a trust fund and accorded it a right to assess and collect the fund "in the same manner and subject to the same provisions and limitations * * * as are applicable with

respect to the taxes from which such fund arose." Section 7501, supra. Where the monies deducted from the wages of employees are segregated and a trust fund thus created, the legal remedy of the United States is clear: a right to demand and collect the identifiable fund in the manner provided.

It was found by the Referee in Bankruptcy, after the initial hearing, that the Debtor "paid net wages" and "did not set aside withholding and social security taxes in a special trust fund." (Certificate of Review, December 1, 1958). He concluded that the Debtor "neither collected nor withheld the taxes" for the period in question. It seems reasonably clear that under these circumstances there was no trust fund to which the legal right of the United States could attach. The absence of such a trust fund could not possibly support the right of the United States to an equitable lien on the bank account of the Debtor or any other asset. There is, however, an available legal remedy against those officers of the corporation responsible for the dereliction.

Where there has been a willful failure to comply with the provisions of Sections 3102(a) and 3402, supra, a derivative liability is imposed on the responsible persons under Section 6672 thereof, 26 U.S.C.A. § 6672, which reads as follows:

"*Any person required to collect, truthfully account for, and pay over any tax imposed* by this title who *willfully fails to collect such tax,* or truthfully account for and pay over such tax, or *willfully* attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. * *."
(Emphasis by this Court).

The penalty is payable upon notice and demand, and may be "assessed and collected in the same manner as taxes."

Section 6671 of the Code, 26 U.S.C.A. § 6671.

The argument advanced on behalf of the United States appears to assume that the withholding taxes were deducted from the wages of the employees and were commingled with the general funds of the Debtor. This assumption is not consistent with the facts as found by the Referee in Bankruptcy. Since the matter must be remanded to the Referee for further proceedings, we consider the question thus raised.

■ Where withholding taxes deducted from the wages of employees are commingled with personal monies of the employer, the United States, as beneficiary of the trust fund under Section 7501, supra, has a right to trace and reclaim the withholding taxes. The cited section, however, "did not dispense with [the] tests for the recovery of diverted trust funds." Hercules Service Parts Corp. v. United States, 6 Cir., 202 F.2d 938, 940.

■ Where there has been a commingling of funds prior to bankruptcy such as is here alleged, "a trust cannot be impressed for the benefit of the cestui que trust unless the trust property is identified or the corpus of the trust is traced into some specific fund or thing into which the original trust property has passed in some form." Hercules Service Parts Corp. v. United States, supra. A beneficiary who is unable to either identify or trace the funds is not entitled to an equitable lien "spread over the entire estate of the faithless trustee." In re Frank, D.C., 25 F.Supp. 1005, 1006. The rule is otherwise only where the trust relationship arises subsequent to bankruptcy and there is a diversion or commingling of trust funds during the period of administration. Hercules Service Corp. v. United States, supra; City of New York v. Rassner, 2 Cir., 127 F.2d 703. The distinction is discussed in the latter cases.

It is argued by the State of New Jersey that the allocation of $36,357.10 to the payment of the "equitable lien" has deprived it of a right "as a priority tax claimant." Whether or not it is a tax claimant and entitled to priority under Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, we do not decide. The relative priorities of the claimants was not determined by the Referee, but may be determined upon remand of the matter.

The order of the Referee in Bankruptcy is vacated and set aside and the matter is remanded for further proceedings consistent with this opinion.