**In the Matter of HALO METAL PROD-UCTS CO., Inc.**

**No. 67 B 6099.**

United States District Court
N. D. Illinois, E. D.

Dec. 11, 1968.

———◆———

Herbert H. Victor, Chicago, Ill., for debtor.

Kevin J. Gillogly, Chicago, Ill., for trustee.

Thomas Foran, U. S. Atty., Chicago, Ill., for the United States.

## MEMORANDUM AND ORDER

CAMPBELL, Chief Judge.

This matter comes before the court on the petition of the government to review the decision of the Referee in Bankruptcy refusing to declare certain funds of the bankrupt a trust for the United States. The funds in question are withholding taxes withheld from wages of the employees of the debtor, but not paid over to the United States.

In its petition for review the government argues that under § 7501(a) of the Internal Revenue Code (26 U.S.C. § 7501(a)) when one is required to collect taxes from another and to subsequently pay the taxes collected to the government, those monies collected constitute a trust for the benefit of the United States. The Referee found that all

priorities in bankruptcy matters should be determined pursuant to § 64(a) of the Bankruptcy Act (11 U.S.C. § 104) and that the trust fund concept of § 7501(a) should not be interpreted to change the scheme of priorities in the Bankruptcy Act. The government's position is supported by a number of court decisions. City of New York v. Rassner, 2nd Cir., 127 F.2d 703 (1942); United States v. Sampsell, 9th Cir., 193 F.2d 154 (1951); In re Airline-Arista Printing Corp. (S.D.N.Y., 1957) 156 F. Supp. 403. These decisions, however, have been criticized by a number of more recent authorities. United States v. Kalishman, 8th Cir., 346 F.2d 514 (1965); In re Connecticut Motor Lines, Inc., 3rd Cir., 336 F.2d 96 (1964); 3A Collier on Bankruptcy § 64.02, n. 27 at p. 2070. See also Nicholas v. United States, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). They have also been expressly and unequivocally rejected by a recent District Court opinion. In re Green (D.C.Colo., 1967) 264 F. Supp 849.

For the reasons set forth in these more recent authorities, I find that the order of the referee in bankruptcy here certified for review should be and the same is hereby affirmed.