**In re The DESIGN STORE CORPORATION, Debtor.**

**Charles A. DOCTER, Trustee, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 82–1–0225.
Adv. No. 86–0035A.

United States Bankruptcy Court, D. Maryland, at Rockville.

Nov. 18, 1986.

As Amended Dec. 5, 1986 and Feb. 10, 1987.

Marcia Docter, Washington, D.C., for trustee of Chapter 7 estate.

Charles Baer, Washington, D.C., representing I.R.S.

Robert Gordon, Washington, D.C., from Tax Div., Dept. of Justice.

## MEMORANDUM OF DECISION

(Plaintiff's Motion for Summary Judgment)

(Defendant's Motion for Summary Judgment)

PAUL MANNES, Chief Judge.

This is an action to recover as a preferential payment pursuant to 11 U.S.C. § 547 six payments totalling $51,066.01 said to be received by the Internal Revenue Service within 90 days of the filing of the debtor's voluntary Chapter 11 petition on February 17, 1982. On May 4, 1984, the case was

converted to Chapter 7 by an order of this court.

There is a genuine issue of fact as to whether the IRS received a $300 check on or about December 7, 1981. Another genuine issue of fact exists as to whether the Internal Revenue Service received a payment of $3,894.90 on any liability of the debtor near January 6, 1982, by virtue of a levy upon debtor's Maryland National Bank account.

After deducting $50 in bank service charges, IRS received $46,821.11 within 90 days of the petition date. The actual transfers are described in the Affidavit of Marilyn Berdansky, items 3(c), 3(d), 3(e), and 3(f), describing three debit memos, all reflecting a levy of the IRS from the Design Store Corporation account, and the fourth a certified check in the amount of $41,642.04 issued payable to the Internal Revenue Service from the Design Store's account in the First Womans Bank of Maryland. The latter was a voluntary payment and applied to the trust fund portion of debtor's 941 liability for the second quarter of 1981. The only item paid not from an alleged trust fund payment was the Columbia Bank and Trust Company debit applied to Form 940 (Unemployment Tax and Corporate Income Tax Liability). All of the admitted credits are for trust fund taxes.

In support of its position that the debtor had no interest in the transferred funds, the United States relies upon dicta in the case of *In re Nashville White Trucks, Inc.*, 22 B.R. 578, 586–87 (BC M.D.Tenn.1982),[1] and the admonition in *In Re Fidelity Financial Services, Inc.*, 36 B.R. 508, 513 (BC S.D.Fla.1983), that courts "be liberal in tracing tax 'trust funds' which have been commingled with the debtor's funds," as well as *In re Rodriguez*, 50 B.R. 576 (BC E.D.N.Y.1975), and *In re Razorback Ready-Mix Concrete Co.*, 45 B.R. 917 (BC E.D.Ark.1984). Conversely, the trustee relies upon *United States v. Randall*, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971), as well as *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978), for the proposition that where an estate has insufficient assets to pay priority claims that were to be paid before tax claims, the statutory trust fund impressed by 26 U.S.C. § 7501(a) would not be recognized where the debtor did not actually segregate the trust fund taxes in a special account. *See Slodov v. United States*, 436 U.S. 238, 255–56, 98 S.Ct. 1778, 1789–90, 56 L.Ed.2d 251 (1978) ("the language of § 7501 limits the trust to the amount of the taxes withheld or *collected* .... That construction is consistent with the accepted principle of trust law requiring tracing of misappropriate trust funds into the trustee' estate in order for an impressed trust to arise"). The trustee also relies on *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 2313–14 n. 10, 76 L.Ed.2d 515 (1983), indicating that imposition of the trust requires tracing of funds. *See also, In re Community Hospital of Rockland County*, 15 B.R. 785 (BC S.D.N.Y.1981).

The court's research has disclosed the recent cases such as *In re Major Dynamics*, 59 B.R. 697 (BC S.D.Cal.1986) (*Randall* is controlling), and a most interesting decision out of the Southern District of Florida the case of *In re Air Florida Systems, Inc.*, 50 B.R. 653 (BC S.D.Fla.1985) *aff'd* No. 85–3308 (D.Fla. Feb. 19, 1986). In *Air Florida*, the IRS had recorded federal tax liens in the appropriate courts amounting to $8,021,209.28 and which subsequently was paid by the debtor within 90 days of the bankruptcy filing. In dealing with a similar situation to that at hand, the bankruptcy court noted:

The IRS also claimed that of the $8,021,209.28 paid by AIR FLORIDA, $7,036,866.69 represents monies held in trust pursuant to provisions of 26 U.S.C. § 7501. However, none of the monies received by IRS came from the collection of taxes from which a trust could be created. To the contrary, all but $68,-895.23 came directly from GPA to the IRS without ever touching the hands of AIR FLORIDA. Further, those sums were paid the IRS involuntarily as a re-

---

1. The Circuit Court opinion appears at 731 F.2d    376 (6th Cir.1984).

sult of levy threats and the IRS's refusal to release its claimed liens against the aircraft, which liens the Court has previously held were not properly perfected.

Title 26 U.S.C. § 7501(a) may impose a trust only upon, "... the amount of tax so collected or withheld...." The IRS failed to establish what sums, if any, were "collected." Even if the IRS had overcome this burden, the Court finds that AIR FLORIDA did not "withhold" any funds, and, the IRS made no attempt to trace or identify any funds in controversy as taxes so collected or withheld.

Section 7501 does not impose upon AIR FLORIDA an obligation to turn over to the IRS those funds received from GPA and from its general funds as said funds were unrelated to the taxes IRS sought to satisfy. The scope of § 7501 limits the trust fund theory to the amounts of taxes withheld or collected, and otherwise requires a showing of the existence of a relationship between the funds collected and any trust created. See *Slodov v. U.S.*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978). This, the IRS has failed to do.

The IRS's failure to trace commingled funds further prevents the imposition of the trust fund theory urged by the IRS. See *In re First Fidelity Financial Services, Inc.*, 36 B.R. 508 (Bankr.S.D.Fla. 1983); *In re Allied Electric Products, Inc.*, 194 F.Supp. 26 (C.D.N.Y.1961); *Mountaineer Engineering Co. v. Bossart*, 133 W.Va. 668, 57 S.E.2d 633 (1950); *U.S. v. Randall, Trustee in Bankruptcy*, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971). Similarly, when AIR FLORIDA's bank accounts were cleared on a daily basis and 99% of the amounts in controversy were never in AIR FLORIDA's possession, there could be no corpus to which a trust could attach.

For the reasons stated, the payment of the $8,021,209.28 by AIR FLORIDA to the IRS within 90 days of the filing of this bankruptcy proceeding constitutes a preferential transfer under 11 U.S.C. § 547. This sum is property of the estate pursuant to 11 U.S.C. § 541, and must be returned to the estate.

*In re Air Florida Systems, Inc.*, at 658–59.

In affirming the decision of the bankruptcy court, District Judge Spellman quoted the following language from *Slodov v. United States*, 436 U.S. 238, 255, 98 S.Ct. 1778, 1789, 56 L.Ed.2d 251 (1978):

The language of 7501 limits the trust to 'the amount of the taxes *withhold or collected*.'...[U]nder 7501 there must be a nexus between the funds collected and the trust created. That construction is consistent with the accepted principle of trust law requiring tracing of misappropriated trust funds into the trustee's estate in order for an impressed trust to arise....[I]mposing a trust on all after-acquired corporate funds without regard to the interests of others in those funds would conflict with the priority rules applicable to the collection of back taxes.

and went on to say,

The Bankruptcy Court found that Section 7501 did not impose upon Air Florida an obligation to turn over to the IRS those monies received from GPA and from its general funds because these funds were simply not related to the taxes the IRS sought to satisfy. The court below concluded that the IRS had failed to establish the existence of that requisite nexus between the funds collected and the trust allegedly created. This Court does not find the Bankruptcy Court's reasoning to be erroneous. Nor does this Court disagree with the Bankruptcy Judge's proposition that the IRS did not trace the commingled funds and this defect further prevents the application of a trust fund theory. *See, United States v. Randall, Trustee in Bankruptcy*, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971).

*United States of America v. Air Florida, Inc., a/k/a Airport Systems, Inc.*, Case No. 85–3308–CIV–WMN (S.D.Fla. February 7, 1986) (Slip opinion, page 3).

This court is unwilling to follow the suggestion of counsel for the United States of America and find that the decision of the Supreme Court in *Randall* should be discarded. Therefore, the position of the United States that the funds are not property of the estate is unsupported and must fail. Nonetheless, the court is not in

a position to award summary judgment to the trustee other than for the payment of $2,380.12 made by virtue of the Columbia Bank and Trust debit minus the service charge.

The court believes that a further issue of fact exists with regard to whether the United States would receive more by virtue of the transfer than it would have received were the case one under Chapter 7 and the transfer had not been made and the United States had received payment of the debt to the extent provided by the provisions of the Bankruptcy Code, § 547(b)(5). *See In re Tenna Corporation*, 801 F.2d 819 (6th Cir. 1986).

Counsel for the plaintiff shall submit an appropriate order in accordance with the foregoing, and the Clerk of the court shall set the matter for hearing upon a further pre-trial so that the parties may stipulate such facts as may be dealt with in advance.