## REINHARD v. RAFF.

No. 5997.

Circuit Court of Appeals, Third Circuit.

May 19, 1936.

George A. Rupp, of Allentown, Pa., for appellant.

O. J. Tallman, of Allentown, Pa. (William Boone Douglass, of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The facts of the case are as follows: The bankrupt advertised for the services of an engineer. The claimant applied for the position. He was employed, but was asked to give bond for his good conduct. This he was willing to do. Pending the short interval required to supply the bond, he was asked to deposit a certified check for $1,000. This he did. The money was at once misappropriated by the bankrupt and used to pay wage claimants.

It will thus be seen that as the wage claimants were entitled to priority over general creditors, the application of the fruit of the fraud was really a payment in relief of the general creditors, and that the return of the money to the victim of the fraud in no way deprived the creditors of what would otherwise have been theirs. Moreover, to refuse such return to the defrauded man would in effect be to give such creditors twofold relief, namely, wiping out the wage claimants and giving the fruits of the fraud to the general creditors, relieved of the priority of wage claimants. It will thus be seen the situation here presented measures up to the requirement stated in 34 Cyc. 348, namely:

"When the transactions establish a fiduciary relation between the parties, and not the relation of debtor and creditor only, a trust is created, the violation of which constitutes a fraud by which the Trustee or his Receiver cannot profit, and entitling the cestui que trust to prior payment out of the funds in the hands of the Receiver. * * * There must be some showing that the estate has been augmented by the trust fund, or at least that the estate has been so benefited by the misappropriation of the trust fund that the removal of its equivalent from the estate will be without prejudice to creditors."

Holding, therefore, that the equities of this case are with the man defrauded and not with the general creditors and that the fund is identified as paid to the wage claimants, the decree below which ordered payment to the man defrauded is affirmed.