McKEE, TRUSTEE IN BANKRUPTCY, *v.* PARA-
DISE, TRUSTEE.

Nos. 4 and 5.   Argued October 12, 1936.—Decided December 7, 1936.

*Mr. William E. Leahy,* with whom *Messrs. William J.
Hughes, Jr., A. L. Schapiro,* and *B. C. Schiff* were on the
brief, for petitioner.

*Mr. Stanford Clinton,* with whom *Mr. Jack N. Pritzker*
was on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The question relates to the propriety of a preference allowed in a bankruptcy proceeding upon the ground of a constructive trust.

The facts were stipulated. The bankrupt, Grigsby-Grunow, Inc., maintained an unincorporated welfare association, known as the Majestic Employees Welfare Association, to provide life, health and accident insurance for its employees. The association was governed by its own officers and had its own bank account. The funds of the association were invested in United States securities and the earnings and increment of these investments were used for the contemplated insurance benefits. The initial membership fee of one dollar and weekly dues of twenty-five cents were "automatically deducted" from the wages of each employee who had been employed for the required period. Before February 4, 1933, the bankrupt regularly paid to the association the accumulations of each payroll deduction, less such expenses of the association as were paid by the bankrupt. From the date above-mentioned, the bankrupt fell into arrears and until November 24, 1933, when receivers in equity were appointed, there was always an unpaid balance to the credit of the association. That balance at the time of the receivership amounted to $14,607.51. The deductions from wages were made by charging the employee's account on the payroll records of the bankrupt and crediting the aggregate of all such deductions to the account of the association on the books of the bankrupt. "No actual money was taken from the pay envelopes of the employees and deposited in any account of the bankrupt, but to the contrary the matter was handled as a mere bookkeeping entry" and at no time did the bankrupt "segregate" any money due the association or "deposit any money in any separate trust account

or bank account." The practice of the bankrupt was to deposit all its incoming revenue in its general bank account, from which it would from time to time withdraw moneys and establish various special accounts. The bankrupt was accustomed to withdraw from its general account or special accounts as the convenience of the situation required, and the payroll was drawn from the various accounts, both general and special, indiscriminately.

In August, 1933, the association was formally dissolved and, after setting up a fund to cover certain contingent obligations, all the other assets were conveyed to another unincorporated association, known as the Majestic Works Council, in which the bankrupt and its employees had equal representation. The Works Council appointed the respondent, Maurice Paradise, as trustee and authorized him to take proceedings to enforce its claim. It also appeared that subsequent to February 4, 1933, payment of the sums due the association had been demanded, and that payment had been requested from the equity receivers and refused.

The bankruptcy proceeding was begun in February, 1934, and respondent petitioned for the allowance of a preferential claim against the bankrupt's estate. The referee allowed the claim, but his decision was reversed by the District Judge upon the ground that there was no trust and that, even if there was, the trust funds had not been traced into the hands of the trustee in bankruptcy. This ruling was reversed by the Circuit Court of Appeals, which held that a trust had been created and that the preference should be allowed. 80 F. (2d) 478. In view of the contention of the petitioner that the decision was in conflict with applicable decisions of this Court, we granted certiorari.

We think that the facts afford no adequate basis for the conclusion that a trust existed. The underlying rela-

tion was that of employer and employee. With respect to wages that the employee earned, the relation was that of debtor and creditor. By agreement, a part of the amounts thus becoming due as wages was to be paid to the association. What would otherwise be a debt to the employee was to become a debt to the association. Whether the agreement be viewed as an assignment by the employee to the association of the claim to the part of the wages as the latter became due, or as a novation, the result was that the bankrupt owed the association the agreed sums. The book entries of debits on the payroll records and credits to the association evidenced that understanding.

It does not appear that it was contemplated that the bankrupt should accumulate or hold any fund. On the contrary, the practice prior to February, 1933, was that the bankrupt regularly paid to the association thé agreed amounts. The later failure to pay did not alter the nature of the transaction. The bankrupt was a debtor which had failed to pay its debt. We know of no principle upon which that failure can be treated as a conversion of property held in trust. At no time throughout the whole period was there a trust fund or *res*. No fund was segregated or set up by special deposit or in any manner. When the wages became due, there was no such fund but only the general assets of the employer and its obligation to pay a debt. The agreement of the employer to pay the association instead of the employee did not give to the employee or the association equitable title to or lien upon any part of the employer's property. The assets of the employer remained, as they were before, general assets. It would be impossible to state all the circumstances in which equity will fasten a constructive trust upon property in order to frustrate a violation of fiduciary duty. See 3 Pomeroy, Equity Jurisprudence, §§ 1044 *et seq.* But the mere failure to pay a debt does

not belong in that category. We do not find that the record shows anything more than that in this instance. Our observations in *Adams* v. *Champion*, 294 U. S. 231, 238, to which the Court of Appeals refers, have no relation to such a case. See *National City Bank* v. *Hotchkiss*, 231 U. S. 50; *Blakey* v. *Brinson*, 286 U. S. 254; *Jennings* v. *U. S. F. & G. Co.*, 294 U. S. 216; *Old Company's Lehigh* v. *Meeker*, 294 U. S. 227; *Edisto National Bank* v. *Bryant*, 72 F. (2d) 917, 920. The fact that the failure to pay the association was an acute disappointment and was especially regrettable as the claimant was an association of employees, cannot avail to change the debtor into a trustee or enable the creditor to obtain a preference over other claims against a bankrupt estate.

The decree of the Circuit Court of Appeals is reversed and that of the District Court is affirmed.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.