**MALONEY et al. v. MISSOURI PAC. R. CO. (two cases).** *

Nos. 10896, 10931.

Circuit Court of Appeals, Eighth Circuit.

March 3, 1938.

Harry I. Schwimmer, of Kansas City, Mo. (Maloney, Schwimmer & Bredehoft, of Kansas City, Mo., on the brief), for appellants.

Thomas T. Railey, of St. Louis, Mo. (Leslie A. Welch, of Kansas City, Mo., on the brief), for appellee.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

Elza V. Anderson and others employed the appellants, attorneys at law, to prosecute certain suits for damages for false arrest and imprisonment and malicious prosecution, and for assault and unlawful search and seizure, against the Missouri Pacific Railroad Company, and before any judgment was had in the suits the railroad company made settlement of all the claims for the sum of $1,700, without notice to the attorneys. The attorneys received nothing from their clients and filed claims in the bankruptcy court where the railroad is in process of reorganization. They had written contracts with their clients fixing their compensation at 50 per cent. of any sums collected on the claims in which the clients also agreed that if any money was paid to them in settlement of their claims the attorneys were to receive an amount equal to that which the clients received. The attorneys claimed they were entitled under sections 11716, 11717 of the Revised Statutes of Missouri 1929, Mo. St.Ann. §§ 11716, 11717, pp. 630, 633, to be allowed the sum of $1,700, classified as a prior secured obligation of the debtor. The debtor contended that the attorneys were not entitled to an allowance of more than one-half of the aggregate amount paid in the settlements, namely, $850, and that any claim allowed should be classified as a general unsecured obligation of the debtor. The special master recommended allowance in the sum of $1,700 classified as a general unsecured claim, and notwithstanding objections urged by the attorneys the court sustained the master. The attorneys have appealed.

They contend that the effect of the Missouri Attorneys' Lien Statute and the Missouri decisions thereunder is to give

*Rehearing denied March 28, 1938.

**214**

an attorney a lien upon the general property of a defendant who settles with the attorney's client on a tort claim for damages "behind the attorney's back." But we find no support for the contention either in the statute or the decisions.

We refer to the sections of the statute without setting them out. The decisions relied on are: Curtis v. Metropolitan Street Ry. Co., 118 Mo.App. 341, 94 S.W. 762; Mills v. Metropolitan Street Ry. Co., 282 Mo. 118, 221 S.W. 1; Wait v. A., T. & S. F. R. R. Co., 204 Mo. 491, 103 S.W. 60; Noell v. Mo. Pac. R. R., 335 Mo. 687, 74 S.W.2d 7, 94 A.L.R. 684; Cell v. Robinson, Mo.App., 79 S.W.2d 492.

None appears to us to sustain the contention. If the effect of the statute was to give to the attorneys the entire claim that their clients had against the railroad, still they would have had no lien on any railroad property ahead of any other general creditor of the railroad, because their clients had nothing but a general claim for damages. Neither the clients nor the attorneys contributed anything to the estate of the railroad company which has come into the hands of the trustee in bankruptcy. Mitchell v. Whitman, 8 Cir., 94 F.2d 917. Nor was any fund of the railroad company at any time actually or constructively set apart or earmarked with any trust for appellants. McKey v. Paradise, 299 U.S. 119, 122, 57 S.Ct. 124, 125, 81 L.Ed. 75. We think it resulted from the Missouri statute that when the railroad company settled with the clients of appellants, the appellants became entitled to sue the company in an action at law. Mills v. Metropolitan Street Railway Co., supra. They became general creditors of the company and entitled, as such, to have their claim allowed as a general claim against the estate in bankruptcy.

The trustees for the railroad company have made the point here that the amount reported by the master and allowed by the court is excessive, but they saved no objections to the special master's report and filed no cross-appeal, so that matter is not before us. American Surety Co. of New York v. James A. Dick Co., 8 Cir., 23 F.2d 464; Kowalsky v. Am. Employers Ins. Co., 6 Cir., 90 F.2d 476, 480; Savage v. Monarch Royalty Corp., 10 Cir., 64 F.2d 650.

Appellants have taken two appeals to obtain reversal of the order disallowing their claim for preference, and so have clearly established the jurisdiction of this court. We deem it unnecessary to dismiss either appeal. See Central Hanover Bank et al. v. Guy W. Williams et al., 8 Cir., 95 F.2d 210, opinion filed March 3, 1938.

Affirmed.