### In re WHITEHALL STORES, Inc.
### CRIDER v. KENNEDY.
No. 10592.

United States Court of Appeals,
Seventh Circuit.

May 15, 1952.

James R. Quinn, David Jetzinger, Chicago, Ill., for appellant.

Francis S. Clamitz, Cowen & Gerber, and Manuel E. Cowen, all of Chicago, Ill., for appellee.

Before KERNER, FINNEGAN, and SWAIM, Circuit Judges.

PER CURIAM.

The question is whether appellant's claim against the Whitehall Stores, Inc., a bankrupt, is entitled to preference. The claim is based on a check for $1,500 issued by appellant and payable to the bankrupt. Appellant says that at the time of the delivery of the check it was the mutual understanding and intention of the parties that the check was delivered as an exchange check and not as a loan, and that the transaction gave rise to a trust relation.

The facts are not in dispute. The bankrupt corporation was engaged in the business of selling textiles and drapery materials. Mark Crider, appellant's husband, was its president and general manager, one Saltiel, its auditor and business adviser, and appellant was its secretary, bookkeeper and cashier. On July 7, 1950, Mark Crider informed Saltiel that the corporation had issued checks to meet payrolls and accounts payable for which there was not enough money in the bank, but that he anticipated receiving some checks from accounts receivable, and he suggested that Saltiel talk to appellant and "ask her to

let the corporation have the money as an exchange; that it would be paid back to her as soon as the checks that were anticipated came in." Saltiel spoke to appellant and told her that "Mr. Crider had assured [him] that if she would comply with the request to advance the $1,500 it would not be considered a loan but would be considered an exchange, and she said that under those circumstances she would do it." At the time appellant issued the check it carried the notation "Demand loan," but she later struck out these words and wrote in the words "Exchange check."

Appellant testified that she knew of the financial difficulties of the bankrupt, that she made out the checks for the corporation, and that the check to her "should have been made out the same day I deposited my check as an exchange check, and I just did not make it out."

The referee was of the view that no trust relationship existed. He held that the facts created a debtor-creditor relationship betwen appellant and the bankrupt, and accordingly allowed the claim for $1,-500 as a general claim. On petition for review, the District Court affirmed the referee, and this appeal followed.

As we understand appellant, her contention is that the circumstances are such that the $1,500 she advanced to the bankrupt took on the character of a trust fund, i. e., established a constructive trust. She asserts that the decision in Reinhard v. Raff, 3 Cir., 83 F.2d 870, settles the issue here presented. We think not.

In addition to the facts already stated, the record discloses that Whitehall Stores filed its petition on July 27 and was adjudicated a bankrupt on July 31, 1950, but the proof failed to show what, if any, cash balance was on deposit with its bank at any time after July 7, nor does it appear that appellant could have cashed the promised exchange check had it been delivered to her. And there was no evidence to prove to whom and in what manner the bankrupt paid the $1,500.

In this state of the record the facts afford no adequate basis for a conclusion that a trust existed. On the contrary, we think the legal effect of the transaction was to create a debtor-creditor relationship. She parted with the entire legal interest in the money loaned in exchange for the bankrupt's promise to repay. Like any other creditor, she had no beneficial interest in the money with which she parted. The bankrupt's failure to issue an exchange check for the $1,500, or to repay, did not alter the nature of the transaction. The bankrupt was a debtor which had failed to pay its debt. See McKee v. Paradise, 299 U.S. 119, 57 S.Ct. 124, 81 L.Ed. 75. Compare Continental Illinois Nat. Bank & Trust Co. v. Continental Illinois Nat. Bank, 7 Cir., 87 F.2d 934.

The order of the District Court is affirmed.