**SOLOMON**

v.

**BOSCHULTE**

No. 10,830

United States Court of Appeals

Third Circuit

Submitted November 3, 1952

Decided December 3, 1952

*See, also, 200 F.2d 482*

JOHN LAWRENCE PHILLIPS, JR., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

ALPHONSO A. CHRISTIAN, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, GOODRICH, and HASTIE, *Circuit Judges*

HASTIE, *Circuit Judge*

This is an appeal from a judgment of the District Court of the Virgin Islands entered for the defendant in a civil

action of equitable character intended to impress a fund with a trust in favor of the plaintiff. After full hearing the court found that plaintiff had proved neither the establishment and existence of the claimed fund nor any obligation upon which a constructive trust could properly be founded.

The record reveals certain facts rather clearly. The plaintiff, Solomon, is an elderly man who, for many years, tended an old family burial ground which was a small parcel of estate Anna's Fancy in St. Thomas, Virgin Islands. From 1927 to 1947 he performed this service at the request of the defendant, Boschulte, who was administering the property. The service was not intended to be gratuitous but just what the agreement of the parties was concerning compensation and what obligation, if any, has remained outstanding are in controversy. In any event, plaintiff's services were terminated in 1947 and neither at that time nor thereafter until 1952 did he make any demand upon defendant. He now contends that Boschulte owes him about $1,000 and that as a result of certain recent transactions funds in the hand of Boschulte are impressed with a constructive trust in his favor. Whether this theory of liability was adopted in anticipation of the invocation of the statute of limitations against a simple debt claim, or for some other reason, does not appear.

The recent events said to give rise to a constructive trust grew out of the return of one of the absentee owners of the Anna's Fancy property to St. Thomas. This was the first time in many years that any owner of the property had been in the Virgin Islands. The owner called upon defendant for a full accounting covering a long period of years. In rendering such an accounting, defendant claimed as a credit an item in excess of $1,000 for the maintenance of the family burial ground, includ-

ing work actually done by plaintiff. But on the whole accounting there seems to have been no question but that the defendant was indebted to the owner. In any event, there came a time when they reached some oral agreement upon a round figure of $5,000 as the balance owed by defendant on the account. He actually paid part of that sum. At no time, however, did the owner pay defendant any money for the maintenance of the burial ground. This item merely entered into the accounting as a partially offsetting credit against what defendant owed.

██ In these circumstances there clearly was no basis for creating a trust and the court properly so found. The fundamental conception of the law of trusts or restitution upon which plaintiff relies is limited to cases where the person to be charged as trustee has actually acquired some property in such circumstances that in good conscience he should hold it for the benefit of the plaintiff. Unless there is such a res the whole theory of liability and action must fail. See Restatement, Trusts (1935) §§ 74, 87; Scott, Trusts (1939) §§ 74, 87. Here defendant received no money or other property from the landowner and therefore plaintiff can point to no fund of which defendant can be made constructive trustee. Cf. McKey v. Paradise (1936) 299 U.S. 119, 57 S. Ct. 124, 81 L. Ed. 75.

█ Although this analysis and the deficiency which it reveals in plaintiff's case are dispositive of the appeal, we think it equally clear, as the district court found, that on the evidence adduced plaintiff also failed to carry his burden of proving a persisting duty or unsatisfied obligation of defendant to plaintiff which might justify the imposition of a trust, even if a fund had existed.

The judgment will be affirmed.