STATE OF NEW JERSEY (DIVISION OF EMPLOYMENT SECURITY OF THE DEPARTMENT OF LABOR AND IN-DUSTRY), PLAINTIFF, v. PILOT MANUFACTURING CO., INC., A NEW JERSEY CORPORATION, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided March 18, 1964.

*Mr. Herman D. Ringle,* attorney for plaintiff Division of Employment Security (*Mr. James V. Convery,* appearing).

*Mr. Charles J. Clarke, Jr.,* attorney for defendant.

*Mr. George D. Rothermel,* attorney for Camden Trust Company.

*Mr. David M. Satz, Jr.,* United States Attorney, attorney for the United States Government (*Mr. Lee B. Laskin,* Assistant United States Attorney, appearing).

PASCOE, J. C. C. (temporarily assigned). Plaintiff seeks an order of this court directing the Camden Trust Company, Camden, New Jersey, to pay over to the Sheriff of Camden

County the sum of $3,959.41. This money is on deposit with said bank to the credit of Pilot Manufacturing Co., Inc.

A judgment was entered in the Superior Court on November 13, 1963 on behalf of the State of New Jersey against the Pilot Manufacturing Co., Inc., for nonpayment of unemployment compensation contributions. The amount of the judgment was $4,422.58 and the Sheriff of Camden County levied upon the bank account in question on December 18, 1963.

Plaintiff alleges that the bank account was a special account for the safekeeping of the contributions of both the employees of Pilot Manufacturing Co., Inc. and the company itself, arising out of *R. S.* 43:21–1 *et seq.,* the Unemployment Compensation Law. However, on April 15, 1963, June 27, 1963 and September 26, 1963 federal tax liens of $7,197.06, $5,380.81 and $2,327.91, respectively, were filed in the office of the Register of Deeds of Camden County. These liens arose out of liability for withholding and social security taxes alleged to be due for the fourth quarter of 1962 and the first and second quarters of 1963. A notice of levy and a final demand were served upon the Camden Trust Company by the Internal Revenue Service on December 23, 1963. The ultimate question before this court is whether the Federal Government has a priority over the State of New Jersey concerning the bank account in issue.

The federal lien is created by 26 *U. S. C. A.,* § 6321. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. 26 *U. S. C. A.* § 6323 governs a situation where a judgment creditor and the Federal Government both seek to recover property from the debtor. Under that section a lien is not valid as against a judgment creditor until notice has been filed under the appropriate state procedures. New Jersey has provided for the filing of such liens in *N. J. S. A.* 46:16–13. Notices of federal tax liens may be filed in the office of the county recording officer of the county where the property subject to

such liens is situated. No federal tax lien shall be valid as against a judgment creditor until this notice has been filed.

 The federal tax liens filed with the Register of Deeds covered all the real and personal property, tangibles and intangibles, rights to property or *choses* in action, as well as after-acquired property of the delinquent taxpayer. *Glass City Bank v. United States*, 326 *U. S.* 265, 66 *S. Ct.* 108, 90 *L. Ed.* 56 (1945); *Edison Bank v. Mayer*, 202 *F. Supp.* 620 (*D. N. J.* 1962); *Beeghly v. Wilson*, 152 *F. Supp.* 726 (*D. Iowa* 1957). As to what constitutes a taxpayer's property or rights to property, to which a federal lien can attach, will be determined by state law. *Aquilino v. United States*, 363 *U. S.* 509, 80 *S. Ct.* 1277, 4 *L. Ed. 2d* 1365 (1960); *United States v. Durham Lumber Co.*, 363 *U. S.* 522, 80 *S. Ct.* 1282, 4 *L. Ed. 2d* 1371 (1960).

██ None of the federal statutes involved grants priority to a general tax lien. However, the federal courts have determined that the priority of the general lien is solely a question of federal law. *United States v. Acri*, 348 *U. S.* 211, 75 *S. Ct.* 239, 99 *L. Ed.* 264 (1955); *United States v. Security Trust & Sav.*, 340 *U. S.* 47, 71 *S. Ct.* 111, 95 *L. Ed.* 53 (1950). The formula applied for priority is, "the first in time is the first in right." The lien must be perfected before it is entitled to be "first." *United States v. New Britain*, 347 *U. S.* 81, 74 *S. Ct.* 367, 98 *L. Ed.* 520 (1954). See *Spade v. Salvatorian Fathers*, 78 *N. J. Super.* 554 (*Law Div.* 1963); Note, 8 *Utah L. Rev.* 252 (1963); also Note, 46 *Cornell L. Q.* 624 (1961).

The State of New Jersey provides for the collection of funds for its State Unemployment Compensation Fund under the provisions of *N. J. S. A.* 43:21–7. Under this statute, contributions are required from both the employer and his employees, and are in the nature of taxes. In subparagraph (d)(1) of the statute each employer is required to:

"* * * withhold in trust the amount of his workers' contributions from their wages at the time such wages are paid * * *. If any employer fails to deduct the contributions of any of his workers at

the time their wages are paid, or fails to make a deduction therefor at the time wages are paid for the next succeeding payroll period, he alone shall thereafter be liable for such contributions, and for the purpose of section 43:21–14 of this Title, such contributions shall be treated as employer's contributions required from him."

The State contends that the funds in the bank account levied upon on December 18, 1963 are the property of the State, held in trust by Pilot Manufacturing Co., Inc. If such funds were in fact property of the State, then the priority of the federal tax liens has no effect. In order to decide this question, we must divide the money in question into two categories. The contributions of the employer in his own right and those contributions which the employer deducted from the pay checks of his employees must be considered separately.

■■ The liability of the employer to the State for his individual contribution to the Unemployment Compensation Fund is a debt which arises by reason of a valid state tax. *N. J. S. A.* 43:21–14· provides that the contributions, penalties and interest due from any employer shall be a personal debt of the employer. Provision is allowed in subparagraph (c) for the recording of a lien arising from such liability. This liability is to be treated as a tax when dealing with priorities under the bankruptcy and insolvency laws. *State v. Cannarozzi,* 77 *N. J. Super.* 236, 239 (*App. Div.* 1962); *In re Wm. Akers, Jr., Co.,* 121 *F. 2d* 846, 135 *A. L. R.* 1503 (3 *Cir.* 1941). *United States v. New York,* 315 *U. S.* 510, 62 *S. Ct.* 712, 86 *L. Ed.* 998 (1942); *City of New York v. Feiring,* 313 *U. S.* 283, 61 *S. Ct.* 1028, 85 *L. Ed.* 1333 ·(1941).

■ Any money set aside for the purpose of paying these taxes is still the property of the taxpayer, and as such is subject to a valid federal tax lien if the appropriate statutory requirements are fulfilled. In this case these requirements were completed and the tax liens have a priority over the state lien.

However, in the case of the contributions deducted from the employee's payroll, a trust relationship arises under *N. J. S. A.*

43:21–7. If a true trust exists, then the monies set aside in the trust are the property of the State and not the Pilot Manufacturing Co., Inc. These monies must be traced under the appropriate laws of the State of New Jersey. If it is proved that a portion of the bank account consists of this money, then the federal tax lien cannot attach and the traceable funds should be granted to the State.

The statute clearly imposes a trustee relationship on the employer with respect to collecting the contributions of the employees. *N. J. S. A.* 43:21–7(d). 81 *C. J. S. Social Security and Public Welfare,* § 149, *pp.* 230–231. *Rivard v. Bijou Furniture Co.,* 67 *R. I.* 251, 21 *A. 2d* 563 (*Sup. Ct.* 1941), affirmed on reargument 68 *R. I.* 358, 27 *A. 2d* 853 (*Sup. Ct.* 1942); *Guaranty Trust Co. of New York v. State,* 271 *App. Div.* 711, 69 *N. Y. S. 2d* 65 (*App. Div.* 1947), appeal denied 272 *App. Div.* 842, 71 *N. Y. S. 2d* 731, reversed on other grounds 299 *N. Y.* 295, 86 *N. E. 2d* 754 (*Ct. App.* 1949), reargument denied 300 *N. Y.* 498, 88 *N. E. 2d* 726 (*Ct. App.* 1949). This relationship is no different than that established by other states for collection of sales tax. *United States v. New York, supra.* See also 6 *Remington on Bankruptcy* (*Henderson, 5th ed.* 1952) §§ 2817–2818, *pp.* 395–400.

In the case of *In re Allied Electric Products, Inc.,* 194 *F. Supp.* 26 (*D. N. J.* 1961), a bankruptcy situation arose involving liability under the federal social security laws, 26 *U. S. C. A.,* § 3101 and 26 *U. S. C. A.,* § 3102(a), and 26 *U. S. C. A.,* § 7501. This federal legislation spoke in terms of withholding employees' funds and creating a special trust fund very similar to the type of trust situation involved under the New Jersey Unemployment Compensation Law. Where the withholding taxes were deducted from the wages of employees and commingled with personal monies of the employer, the beneficiary of such a trust fund, *i. e.,* the government, has a right to trace and reclaim the withholding taxes, but the test for the recovery of the diverted trust fund is not disposed with. The funds must be directly traceable to the bank ac-

count in question. See *In re Airline-Arista Printing Corp.,* 156 *F. Supp.* 403 (*S. D. N. Y.* 1957), affirmed 267 *F. 2d* 333 (2 *Cir.* 1959); *Hercules Service Parts Corp. v. United States,* 202 *F. 2d* 938 (6 *Cir.* 1953); *City of New York v. Rassner,* 127 *F. 2d* 703 (2 *Cir.* 1942); *Shipe v. Consumers' Service Co.,* 28 *F. 2d* 53 (*N. D. Ind.* 1928).

*McKee v. Paradise,* 299 *U. S.* 119, 57 *S. Ct.* 124, 81 *L. Ed.* 75 (1936), involved a situation where a bankrupt corporation which had maintained an unincorporated welfare association for its employees fell behind in its payments to the association account. Supposedly, the corporation was to deduct from the payroll of the employees the required money and to deposit it in the association account. In reality the matter was a mere bookkeeping entry and there was no segregating of money nor any separate bank account. The court held that there was no constructive trust, but merely a debt from the corporation to the welfare association. The essence of the decision was that there must be a special bank account in order to have a trust fund under such circumstances. Mere shifting of figures in an account book ledger is not providing for a trust. It is merely the designation of a debt.

However, where a statute creates a trust fund for the collection of taxes, the special account need not be established. Such a requirement of a special account goes to the intent of the parties to create a trust. Here the trust has been created by statute and requires only a deduction from the employees' paychecks. Such a deduction was made and now the funds must be traced by the State in accordance with New Jersey trust law.

The order requested by the State of New Jersey is therefore denied. The federal tax lien filed in the office of the Register of Deeds of Camden County takes priority over all funds owned by Pilot Manufacturing Co., Inc. However, the $636.23 representing employee contributions is the property of the State of New Jersey and will be paid to the State upon the proof of tracing the said funds.

Prepare an order accordingly.