I dissent. A constructive trust arises when the legal title to property is obtained by someone in violation of an express or implied duty to another who is equitably entitled thereto and when the property thus obtained is held hostile to the beneficiary's rights of ownership. See, Fowler v. Fowler,205 Ala. 514, 516, 88 So. 648 (1921). The defendant must have been under an equitable duty to give the plaintiff the benefit of theproperty, the effect being to place the defendant in the same position as an express trustee over the property with the plaintiffs being the beneficiaries of a trust containing the disputed property. See, G. Bogert, The Law of Trusts andTrustees, § 471 (Rev.2d ed. 1978). In establishing a constructive trust a court is applying the incidents of an express trust for equitable purposes. See, G. Bogert at § 471. One primary requirement for the establishment of a constructive trust is that the plaintiff must identify specific property as the res of the trust to which he is entitled. Mere breach of contract does not entitle plaintiff to a constructive trust. G. Bogert at § 471
In McKey v. Paradise, 299 U.S. 119, 57 S.Ct. 124, 81 L.Ed. 75
(1936), the Supreme Court reviewed a case where a manufacturing company agreed to make certain deductions from the wages of its employees and to pay over such amounts deducted to an employee welfare association. The company accurately recorded the deductions on its books. Later the company went into bankruptcy The Supreme Court found no adequate basis for the conclusion that a trust existed. The relationship involved was that of employer and employee evolving into a debtor-creditor relationship rather than a trustee-beneficiary relationship. In McKey, as in the case discussed here, there was no accumulation on designation of any fund containing property which could constitute the res of a trust. "There was no fund segregated or set up by special deposit or in any manner." 299 U.S. at 122, 57 S.Ct. at 125. The assets of the company in McKey, like the assets of the defendant involved in this case, remained as they were before, general assets. See, 299 U.S. at 122, 57 S.Ct. at 125
In Ex parte Morton, 261 Ala. 581, 75 So.2d 500 (1954), this Court held that in order to enforce a constructive trust there must have been a tangible form of identifiable property before the res of a constructive trust can be determined to exist.261 Ala. at 592-93, 75 So.2d 500. Plaintiffs have not established that tangible property was placed in a fund or otherwise set aside to meet the obligations of the alleged employment contracts. All plaintiffs have shown is that an accounting entry was made to recognize the existence of the alleged contractual obligations of defendants. This is not enough to establish the res of a trust. Therefore, I would hold that an accounting entry without more cannot establish the existence of tangible property in order to become the res for a constructive trust
The fact that the failure to pay proceeds from an incentive bonus plan breached a contractual obligation cannot transform the defendant into a trustee. I would reverse