**In re Paul E. WHEELING, Debtor.**

**Bankruptcy No. 85–00471E.**
**Motion No. 86–82E.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 29, 1986.

Sumner E. Nichols, II, Erie, Pa., for debtor.

Edwin W. Smith, Erie, Pa., for Hamot Medical Center, plaintiff.

## OPINION AND ORDER

WARREN W. BENTZ, Bankruptcy Judge.

### Facts and Procedure

Before the Court is the objection of Hamot Medical Center ("Hamot") to certain exemptions claimed by the Debtor. Specifically, the objection states that the claimed exemptions exceed those allowable under 11 U.S.C. § 522(d) and that certain proceeds derived from the settlement of a personal injury action are not exemptible under § 522(d)(11)(D). The assets of the Debtor as shown on Schedule B–2 of the Debtor's petition total $2,200. The Debtor claims as exempt $10,050 under several of the exemption provisions of § 522, in addition to the fact that he has claimed as exempt "All" of the allowable exemptions permitted under § 522(d)(10)(A) and (C) and § 522(d)(11)(D) and (E). We attribute the apparent inconsistency between the $2,200 assets, as compared with $10,500 of claimed exemptions, to an overabundance of caution or inadvertence on the part of Debtor's counsel. The inconsistency, while perhaps confusing, was not prejudicial. It is apparent that the Debtor has scheduled assets at a total value of $2,200 and that he has elected to claim all such assets as exempt under § 522(d)(1), (2), (3), (5), (6), (10) and (11).

The parties hereto have stipulated to the material facts. The Debtor was struck by an automobile driven by Frank C. Dille while the Debtor was operating a motorcycle on August 9, 1984. As a result of the accident, the Debtor suffered severe injuries to his legs. He was hospitalized at Hamot from August 10, 1984 through September 25, 1984. During that stay, the Debtor incurred charges of $34,096.54.

The Debtor did not have health and accident insurance, nor was the Debtor the recipient of no-fault insurance benefits.

At the time of his discharge from Hamot, the Debtor entered into a written payment agreement with Hamot. No payments were ever received by Hamot.

The Debtor, through his attorney, Denis W. Krill, Esq., brought a personal injury action against the operator of the vehicle, Frank C. Dille. The case was settled for $25,000 which was the available policy limit of Mr. Dille's coverage. The Debtor recovered net proceeds of $15,416.67. None of these monies were paid to Hamot, but rather, were primarily used by the Debtor for his support.

Hamot instituted a law suit against the Debtor on October 7, 1985. The Debtor filed his bankruptcy petition on November 22, 1985.

There being no issue of fact, the matter may be resolved by summary judgment pursuant to Bankruptcy Rule 7056.[1]

### Discussion

#### I. The § 522(d)(11) Objection

■ Hamot objects to Debtor's claim of exemption pursuant to § 522(d)(11)(D) and (E) which exempts:

(11) The debtor's right to receive, or property that is traceable to—(D) a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an indi-

---

1. This Opinion constitutes this Court's findings of fact and conclusions of law as required by

Bankruptcy Rule 7052.

vidual of whom the debtor is a dependent ...

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Debtor claims as exempt "all" of the allowable exemption under these sections even though the Debtor has only $2,200 in assets. The Debtor's claim is ambiguous in that no apportionment was made in the settlement of the personal injury claim showing the amount being paid for personal bodily injury as opposed to actual pecuniary loss. Likewise, no amount of the recovery was attributed to a loss of future earnings. In any event, the proceeds from the settlement were expended before the bankruptcy was filed. There is nothing in the Bankruptcy Code that would support an argument that the (d)(11) exemption is a limitation on other available exemptions [§ 522(d)]. A plain reading of the statute leads us to the conclusion that § 522(d)(11) is a supplemental exemption. Since, under § 522(d)(5), this Debtor may exempt all of the assets of this estate, we need not further interpret § 522(d)(11). The Debtor has the right to exempt all of the assets of his estate of a value of $2,200, under § 522(d)(5).

## II. The Trust Argument

■ Hamot also raises what the Court takes to be an argument that the Debtor, upon receipt of settlement proceeds, held those proceeds in trust for Hamot as the health care provider. However, Hamot posits no theory upon which the Court could find that a trust is created for the benefit of a health care provider when an individual receives insurance proceeds from a tortfeasor in a personal injury settlement. Nor does Hamot offer any authority for this proposition other than the following paragraph found in Colliers:

As the personal injury payment exemption does not cover pain and suffering or compensation for actual pecuniary loss, the exemption is designed to cover only

payments compensating actual bodily injury, e.g., the loss of a limb. Thus, *medical payments* are not exempt. Such medical payments, though ostensibly belonging to the debtor are actually not the property of the debtor, but are held *in trust* for another. Any payment for medical expenses, therefore, is held in trust for the person to whom the medical expenses are owed, and is not exempt. 3 *Colliers* ¶ 522.20. (emphasis added)

This excerpt by footnote directs the reader further to S.Rep. No. 989 which states:

Situations occasionally arise where property ostensibly belonging to the debtor will actually not be property of the debtor, but will be held in trust for another. For example, if the debtor has incurred medical bills that were covered by insurance, and the insurance company had sent the payment of the bills to the debtor before the debtor had paid the bill for which the payment was reimbursement, the payment would actually be held in a constructive trust for the person to whom the bill was owed ... S.Rep. No. 989 95th Cong., 2d.Sess. 82 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5868.

It is interesting to note that the cited provision in *Colliers* and the footnote to which that section refers the reader do not envision the same type of insurance. Moreover, neither passage is analogous to the case at bar. The Senate Report concludes, and it is a dubious conclusion in our view, that where the insured is paid by his insurer for bills incurred by the same insured for medical services, those monies are held in trust for the provider of those medical services. Even were this conclusion to be correct, it is not support for the cited section of *Colliers* which contemplates an entirely different situation, to wit, where the injured debtor has received insurance from a third party tort-feasor for personal injury and some portion of those proceeds were designated as payments for medical expenses.

It appears that the trust argument was asserted by Hamot to bolster its case under § 522(d)(11)(D) insofar as that section seeks to distinguish proceeds received for medical payments from those paid on account of personal bodily injury. The burden of proving that the proceeds, or any portion thereof, received by this debtor were for medical payments, is on Hamot, Bankruptcy Rule 4003. No such proof was offered. Furthermore, for the reasons given in connection with our discussion of § 522(d)(11)(D), that section is not apposite to the case at bar.

### Conclusion and Order

We conclude that Hamot had no interest in the proceeds of the personal injury settlement received by the Debtor. More importantly, we hold that the Debtor is not precluded from claiming his exemption under § 522(d)(5) by his erroneous claims of exemptions under other subsections. Therefore, the Debtor may exempt his $2,200 of scheduled assets under § 522(d)(5) and the objection of Hamot must be and hereby is dismissed.