In re TRI-WAY SECURITY AND ESCORT SERVICE, INC., Debtor.

**Bankruptcy No. 889-91289-478.**

United States Bankruptcy Court, E.D. New York.

May 18, 1990.

Finkel, Goldstein, Berzow & Rosenbloom, New York City, for Westway Motor Inn, Inc.

William E. Weber, Huntington Station, N.Y., for debtor.

## DECISION

DOROTHY EISENBERG, Bankruptcy Judge.

This matter is before the Court pursuant to a motion by Westway Motor Inn, Inc. (hereinafter "Westway" or the "creditor") seeking an Order of this Court directing Tri–Way Security and Escort Service, Inc. (hereinafter "Tri–Way" or "Debtor") to pay to Westway the sum of $76,608, together with interest, in satisfaction of both pre-petition and post-petition debts incurred by the Debtor. Subsequent to the bringing of this motion, the Debtor paid whatever post-petition administration claim it owed and there remains due to Westway the sum of $57,456 for pre-petition services provided to the Debtor. Westway claims that they should be paid now for their pre-petition services based on equitable lien principals, constructive trust, and pursuant to the statutory innkeepers lien under § 181 of the New York Lien Law.

In support of its request for payment, Westway argues that the Debtor was merely a conduit for funds that it was to receive from a governmental agency with whom the Debtor had a contract and since, pursuant to that contract, the Debtor could not make a profit on the services that were provided by Westway, it really holds the funds under equitable lien principals and/or constructive trust principals in favor of Westway. The Debtor contends that although Westway may be entitled to these funds, it is a general unsecured creditor without the benefit of any known lien or constructive trust, and that if this Court were to direct payment to Westway for their pre-petition claims, the Court would be granting Westway a preference as to other unsecured creditors.

For the reasons more specifically stated below, this Court holds that Westway is not entitled to the equitable relief it re-

quests and is simply an unsecured creditor of the Debtor.

## FACTS

Tri–Way is a corporation organized under the laws of New York and is in the business of providing security and guard services to both federal and state agencies. On or about November 29, 1986, the Debtor entered into a contract with the United States Immigration and Naturalization Service ("INS") to provide unarmed security guard services, transportation, detention, subsistence, housing, and medial care for aliens that were detained by INS at John F. Kennedy International Airport. Typically, Tri–Way held illegal aliens once identified by the INS pending further administrative action by the agency. The contract terms sets forth how much INS would pay the Debtor for various services and provided for the necessary procedures for the Debtor to obtain payment from INS after it provided the services requested. Although INS did have the right to approve a facility used by the Debtor to provide the necessary services contracted for, the contract was strictly between INS and Tri–Way and INS was not obligated to make any payments to third parties.

Since the Debtor did not have adequate housing facilities, it looked to Westway to provide shelter for the detainees in its custody. The room rate charged by Westway was within the rate schedule allowed by INS, and was appropriate for reimbursement by INS upon proper requisition by the Debtor.

Tri–Way filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 25, 1989. At the time of the filing of the petition, there were three (3) outstanding invoices totalling $57,456 for room rentals provided to the Debtor by Westway during the period of June 25, 1989 through July 22, 1989. Pursuant to the terms of its contract with INS, Tri–Way was to receive, and actually did receive post-petition payment for all expenses incurred in housing the detainees.

## DISCUSSION

■ Westway argues that to avoid the unjust enrichment of the Debtor at the expense of Westway, this Court should hold that it is entitled to an equitable lien in the funds the Debtor received from INS. This Court disagrees. An equitable lien is " 'a right, not recognized by law, to have a fund or specific property applied to the payment of a particular debt and is based upon the older equitable doctrine of unjust enrichment.' " *United States v. Mill Ass'n, Inc.*, 480 F.Supp. 3, 10 (E.D.N.Y. 1978) (quoting *American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.* 407 F.Supp. 164, 183 (D.V.I.1975); *see also United States v. Adamant Co.*, 197 F.2d 1, 10 (9th Cir.1952), *cert. den., sub nom., Bullen v. Scoville*, 344 U.S. 903, 73 S.Ct. 283, 97 L.Ed. 698 (1952). However, an equitable lien will only arise where " 'an intention to create such a charge clearly appear[s] from the language and the attached circumstances. Strict proof of such intention is required.' " *Cherno v. Dutch American Mercantile Corp.*, 353 F.2d 147, 153 (2d Cir.1965) (quoting *Pennsylvania Oil Products Refining Co. v. Willrock Producing Co.*, 267 N.Y. 427, 434–35, 196 N.E. 385, 387 (1935)).

■ In the instant case, the arrangement for room rental existing between the parties does not in any way evidence an intention to create a lien of any kind in favor of Westway. There is no privity of contract between INS and Westway, and no evidence of any contract or agreement to assign Debtor's right to reimbursement from INS to Westway. The mere fact that the Debtor received payment from the INS for reimbursement of expenses incurred at the Westway motel, and that the Debtor was not to make a profit on the services provided by Westway, without more, does not demonstrate an intention on the part of both parties to create a lien on those funds in favor of Westway. To grant Westway an equitable lien without any evidence supporting an intention to create a lien in favor of Westway would clearly be contrary to the law.

■ This Court further believes that Westway's request that this Court impress

a constructive trust upon the funds received by the Debtor is similarly inappropriate. A constructive trust is an equitable remedy and not a trust in the true sense. This Court as a court of equity has the power to employ such an equitable remedy. However, under the facts and circumstances of this case, this Court finds that there is no basis for such relief. "A constructive trust arises where a person clothed with some fiduciary duty, by fraud or other action upon his part, gains something for himself, which except for his act, he would not have procured and which it is inequitable for him to retain." *Contintental Illinois Nat. Bank & Trust Co. v. Continental Illinois Nat. Bank*, 87 F.2d 934, 936 (7th Cir.1937). The mere failure to pay a debt does not belong in such a category. *McKey v. Paradise*, 299 U.S. 119, 122–23, 57 S.Ct. 124, 125, 81 L.Ed. 75 (1936). *See also Cherno*, 353 F.2d at 153; *In re Penn Dixie Steel Corp.*, 6 B.R. 817 (Bankr.S.D. N.Y.1980).

In the instant case, there is no allegation of fraud or unconscionable conduct on the part of the Debtor. The Debtor has merely failed to pay a debt. To impress a constructive trust there must be a greater wrongdoing than the mere non-payment of a debt. *See McKey v. Paradise*, 299 U.S. at 122–23, 57 S.Ct. at 25. *In re Penn–Dixie Steel Corp.*, 6 B.R. at 825.

■ Westway's argument that it has a statutory innkeeper's lien under § 181 of the New York Lien Law is inapplicable to the facts in this case. N.Y. Lien Law § 181 (McKinney 1966). In essence that section provides the motel or innkeeper with a lien upon the baggage or other personal property brought onto its premises by its guests or lodgers while it has such property in the hotel keeper's possession. It permits such hotel keeper to retain the guest's property to assure it that it is paid. In the case at bar, the detainees which were housed by Westway have long since gone, together with all of their possessions and Westway no longer has any property upon which to exercise its statutory innkeeper's lien. This lien does not extend its reach to funds received by the Debtor pursuant to the contract with INS.

Westway is crying out for this Court to provide it with "equity". Equity can be defined as "justice administered according to fairness as contrasted with strictly formulated rules of common law." Black's Law Dictionary, 484 (5th ed. 1979). It was based on a system of rules and principals which originated in England as an alternative to the harsh rules of Common Law and which was based on what was fair in a particular situation. However, this Court must consider the countervailing equities of other creditors similarly situated. The relief requested by Westway is contrary to the basic bankruptcy law policy of equality of distribution.

Westway is a general unsecured creditor, as are the other creditors of this Debtor who provided goods, labor or services to the Debtor pre-petition, but did not receive payment even though INS may have subsequently paid the Debtor for these services provided to it. There is no evidence in support of Westway's argument that it is entitled to better treatment than the other creditors in this same class. The motion is denied. Submit Order.