In re Ronald ROWLAND and Patsy
G. Rowland, Debtors.

Bankruptcy No. 3–91–1581.

United States Bankruptcy Court,
S.D. Ohio, W.D.

April 2, 1992.

Karen M. Clark, Franklin, Ohio, for debtors.

Richard E. West, Springboro, Ohio, for movant.

Donald F. Harker, Dayton, Ohio, Trustee.

DECISION AND ORDER DENYING MOTION OF BRUCE LAMB FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362

WILLIAM A. CLARK, Bankruptcy
Judge.

This matter is before the court for a decision based on the parties' stipulation of facts in lieu of trial. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G)—motions to terminate, annul, or modify the automatic stay.

## FACTS

The following stipulation of facts has been entered into by the parties:

1. Prior to October 8, 1989, debtors suffered a fire loss to their residence....

2. On October 8, 1989, debtors contracted with Bruce Lamb, movant, to repair the fire damage.

3. Ultimately, the debtors were unsatisfied with the work performed by movant, and refused to pay movant.

4. Movant filed a mechanic's lien against the debtors' property on February 1, 1990, in the Warren County Recorder's Office, in the amount of $14,391.00.

5. Movant sued debtors in the Warren County Common Pleas Court. Trial was held on February 19, 1991, and movant was granted judgment in the amount of $12,760.10.

6. Judgment was entered of record as a result of the trial on March 19, 1991. In addition to the amount awarded to the movant, the Common Pleas Court vacated the movant's lien on debtors' property. Movant recorded this judgment in the office of the Warren County Recorder on March 19, 1991.

7. Debtors filed for Chapter 7 relief, including movant's judgment in their petition, on March 29, 1991.

8. Movant filed for relief from automatic stay and abandonment of insurance proceeds on May 8, 1991.

9. Debtors timely filed a motion in opposition to movant's motion on May 28, 1991.

10. The trustee filed a motion in opposition to movant's motion on June 5, 1991.

11. First Federal Savings and Loan of Lima, Ohio, [has] the first mortgage on the debtors' residence.

12. First Federal Savings and Loan of Lima, Ohio, is a named co-payee on a check for insurance proceeds occasioned by the fire, along with the debtors. The check is presently uncashed and in the possession of the debtors' attorney. The amount of the check is $14,418.50.

("Agreed Stipulation of Facts," Doc. # 21–1)

## CONCLUSIONS OF LAW

The movant seeks relief from the automatic stay of § 362 to recover the amount of his judgment from the insurance proceeds received by the debtors as a result of fire damage to their residence. As part of his motion, the movant seeks to impress a constructive trust upon the insurance proceeds received by the debtor.[1] The debtors respond that the insurance proceeds are not subject to a constructive trust, but are part of their bankruptcy estate. In addition, the debtors contend that the funds are exempt property under Ohio law, and, therefore, not subject to the claims of movant.

Section 362 of the Bankruptcy Code provides that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). It is not clear whether the movant is moving under (d)(1) or (d)(2) of this subsection, but in view of the court's finding, *infra*, that the movant has no interest in the insurance funds, the movant cannot prevail under either branch of § 362(d).

The issue to be decided in this proceeding is whether the insurance proceeds are subject to a constructive trust in favor of the movant or whether they are property of the debtors' bankruptcy estate. Section 541 defines property of the bankruptcy estate, in part, as follows:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

---

1. Generally, a relief from stay proceeding is not the proper forum in which to determine whether property is property of the bankruptcy estate or property of another. *In re Colrud,* 45 B.R. 169, 172 n. 2 (Bankr.Alaska 1984). Instead, Bankr.R. 7001(2) requires the filing of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property...." However, where parties deliberately argue the merits of their positions, and appear to have waived any technical defects in procedure, no purpose would be served by insisting on the technically correct procedure at this late date. *In re Gee,* 124 B.R. 586, 590 (Bankr.N.D.Okla.1991).

Section 541 also sets forth what property is not property of the estate. In particular, § 541(d) provides:

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

■ Movant contends that the debtors do not have an equitable right to the insurance proceeds, but only legal title to the funds, and therefore the equitable interest in the insurance proceeds belongs to the movant and did not become part of the debtors' estate. "The existence and nature of a debtor's, and hence the estate's, interest in property must be determined by resort to nonbankruptcy law...." *Universal Cooperatives, Inc. v. FCX, Inc. (In re FCX, Inc.)*, 853 F.2d 1149, 1153 (4th Cir. 1988). Therefore, the court must look to state law to determine whether to impose a constructive trust on property within the debtors' possession. *Sanyo Electric, Inc. v. Howard's Appliance Corp. (In re Howard's Appliance Corp.)*, 874 F.2d 88, 93 (2d Cir.1989). In Ohio, a constructive trust is defined as:

[A] trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice. *Ferguson v. Owens*, 9 Ohio St.3d 223, 225, 459 N.E.2d 1293, 1295 (Ohio 1984).

The degree of proof necessary to establish a constructive trust is clear and convincing. *Eckenroth v. Stone*, 110 Ohio App. 1, 5, 158 N.E.2d 382, 385 (1959).

In this proceeding, the movant contends:

The insurance proceeds were clearly intended to pass to the person who restored the residence of the debtor to its pre-fire condition, for the benefit of the mortgagee. The debtor, pursuant to his contract with the mortgagee and the insurance company, simply acts as a conduit through which the repairs are negotiated and the funds for payment for the work were to pass. Unless the debtor performed the restoration himself, the funds belong in equity to the contractor, and the debtor only receives bare legal title. "Brief of Movant," Doc. # 34–1.

The debtors respond that:

There is no evidence presented to support Mr. Lamb's contention that a constructive trust should be imposed upon the insurance proceeds. Mr. Lamb relies upon mere assertions. No basis is given for his position, other than his assertion that the debtor is a mere conduit from the insurance company to himself. This assertion is untrue since Mr. Lamb has absolutely no relationship with the insurance company and the insurance company has no obligation whatsoever to Mr. Lamb. Therefore, no conduit was necessary to carry the funds from the insurance company to Mr. Lamb. Mr. Lamb had a contractual relationship with the debtors only. When Mr. Lamb did not receive the payment to which he believed he was entitled, his only recourse was to file suit against the debtors. "Brief of Debtors," Doc. # 36–1 at 6.

■ Of utmost importance to this decision is the fact that this matter has been submitted to the court on the basis of a stipulation of facts and the court is restricted to a consideration of those facts. The stipulation of facts is absolutely devoid of any reference to fraud, duress, unconscionable conduct, or artifice by the debtors. The court has no evidence of any circumstances surrounding the creation of the contract between the debtors and the mov-

ant (e.g., whether the debtors made any type of promises regarding the insurance proceeds) and finds no facts that comprise even the beginning of support for imposing a constructive trust. Aside from the lack of specific proof regarding some type of fraudulent conduct on the part of the debtors, the debtors are correct in observing that the movant has not even alleged such conduct. All that the court has before it is the fact that the debtors had funds with which to pay the repairs for which they contracted, but refused to do so. Generally, a mere breach of contract is insufficient to raise a constructive trust. *Croston v. Croston,* 18 Ohio App.2d 159, 164, 247 N.E.2d 765, 769 (1969):

> The failure to pay a debt, cannot in itself ... constitute fraud or abuse of confidence or duty requisite to the existence of a constructive trust. *Id.* (citing 54 American Jurisprudence 171, Trusts Section 221)[2]

The Supreme Court of Ohio has also observed that:

> A constructive trust is, in the main, an appropriate remedy against unjust enrichment. This type of trust is usually invoked when property has been acquired by fraud. However, a constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud. *Ferguson v. Owens, supra,* 9 Ohio St.3d at 226, 459 N.E.2d at 1295.

■ Care must be exercised in applying the phrases "unjust enrichment" and "against the principles of equity" in the context of bankruptcy proceedings. One who keeps property or retains the benefit of services without paying may be viewed as being unjustly enriched in contravention of the principles of equity. Yet this is precisely what occurs in many bankruptcy cases with respect to the claims of unsecured creditors. In recognition of the fact that each unsecured creditor desires to have his particular claim elevated above the others, bankruptcy courts are reluctant to impose constructive trusts without a substantial reason. *Neochem Corp. v. Behring International, Inc. (In re Behring International, Inc.)* 61 B.R. 896, 902 (Bankr.N.D.Tex.1986). "Imposition of a constructive trust clearly thwarts the policy of ratable distribution and should not be impressed cavalierly." *Id.*[3]

The movant has also cited legislative history to § 541 which purports to reveal congressional policy in regard to constructive trusts:

> Situations occasionally arise where property ostensibly belonging to the debtor will actually not be property of the debtor, but will be held in trust for another. For example, if the debtor has incurred medical bills that were covered by insurance, and the insurance company had sent the payment of the bills to the debtor before the debtor had paid the bill for which the payment was reimbursement, the payment would actually be held in a constructive trust for the person to whom the bill was owed. S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978), U.S.Code Cong. & Admin.News 1978, p. 5869.

At least two courts have found the conclusion reached by the Senate Report to be dubious.[4] Particularly troublesome is the apparent assumption of unexpressed facts:

---

2. "The bankrupt was a debtor which had failed to pay its debt. We know of no principle upon which that failure can be treated as a conversion of property held in trust." *McKee v. Paradise,* 299 U.S. 119, 122, 57 S.Ct. 124, 125, 81 L.Ed. 75 (1936).

3. "It would be impossible to state all the circumstances in which equity will fasten a constructive trust upon property in order to frustrate a violation of fiduciary duty. See 3 Pomeroy, Equity Jurisprudence, §§ 1044 *et seq.* But the mere failure to pay a debt does not belong in that category.... The fact that the failure to pay the association was an acute disappointment and was especially regrettable as the claimant was an association of employees, cannot avail to change the debtor into a trustee or enable the creditor to obtain a preference over other claims against a bankruptcy estate. *McKee v. Paradise, supra,* 299 U.S. at 122–123, 57 S.Ct. at 125.

4. *In re Wheeling,* 68 B.R. 388, 390 (Bankr. W.D.Pa.1986); *In re Moskowitz,* 13 B.R. 357, 360 (Bankr.S.D.N.Y.1981).

[T]he language is too broad because it assumes certain unexpressed facts. If the facts reveal that the debtors previously assigned the insurance proceeds to New York Hospital, then, of course, any payment to the debtors might be held by them in a fiduciary capacity and under a constructive trust so as not to constitute property of the estate.... Absent any assignment of the proceeds by the debtors or any designation that the medical insurance process should be paid directly to New York Hospital, or some additional facts as would support a constructive trust under applicable state law, this court would be hard pressed to accept the categorical statement in *Collier on Bankruptcy* that medical insurance proceeds received by a debtor before the debtor paid the medical bill "would actually be held in constructive trust for the person to whom the bill was owed." *In re Moskowitz*, 13 B.R. 357, 360–361 (Bankr.S.D.N.Y.1981).[5]

In the hypothetical statement in the Senate Report, the debtor is "at least conceptually, a mere conduit for a payment by the insurer to the medical creditor." *In re Utica Floor Maintenance, Inc.*, 25 B.R. 1010, 1012 (N.D.N.Y.1982). In the instant proceeding, no evidence, e.g. a copy of the fire insurance policy, or a contract to repair fire damage, has been introduced to demonstrate that the debtors were to serve as a conduit for payment to the movant. In the absence of a copy of the insurance policy, it is just as reasonable to infer that the debtors were permitted to retain the proceeds for the damage to their residence regardless of whether the repairs were made as to assume the debtors were a conduit for payment to the movant. The essential point is that the movant has not carried his burden of proof in demonstrating that the debtors were a conduit for payments to be made to the movant.

Based on the foregoing the court finds that the evidence before it falls far short of establishing sufficient justification to impose a constructive trust upon the insurance proceeds. Under § 541, the insurance proceeds belong to the debtors' bankruptcy estate. This decision does not decide the question of whether the insurance funds are exempt property,[6] nor does it determine the validity of movant's lien on the debtors' residence.[7]

It is therefore ORDERED that the motion of Bruce Lamb to modify the automatic stay of § 362 is DENIED.

---

5. The quotation in *Collier* criticized by the court is virtually identical to that contained in the Senate Report.

6. Because the debtors' residence has been restored, the court does not understand, at this time, how the insurance proceeds are able to stand in place of the destroyed portions of the debtors' residence. Nevertheless, that question is an issue between the debtors and the trustee in bankruptcy and is not presently before the court. As an aside, the court notes that it has been unable to locate in the debtors' schedules of financial affairs a disclosure of the insurance proceeds asset or an exemption claimed in those proceeds.

7. Movant's certificate of judgment will remain a lien upon the debtors' property unless the matter is properly brought before the court by a party in interest and the lien is declared voidable.